Vincent HOPES *v.* STATE of Arkansas

CR 91-92                                              816 S.W.2d 167

Supreme Court of Arkansas
Opinion delivered September 23, 1991

*William R. Simpson, Jr.*, Public Defender, *William M. Brown*, Deputy Public Defender, by: *Llewellyn J. Marczuk*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. The appellant Vincent Hopes

was convicted of burglary and theft of property and sentenced as an habitual offender to thirty years for burglary and twenty years for theft of property, with the two sentences to run consecutively. He raises two points on appeal. First, he argues that the trial court erred in refusing to give an accomplice instruction relating to the principal witness against him. Secondly, he contends that the whereabouts of that same witness at the time of the offenses was proven by inadmissible hearsay testimony. Neither argument has merit, and we affirm the judgment of the trial court.

The facts are these. On the night of February 21, 1990, a Little Rock business named Yam's was broken into, and a Little Rock patrolman responded to the alarm at about 10:10 p.m. The patrolman approached the store through a back alley, and, though it was raining, he spied a figure standing by the open trunk of his car. When that person saw the approaching police car, he fled on foot. The patrolman next saw a figure on the roof of the business. No one, however, was arrested at the scene. On entering the business, backup officers found a television set on the walkway.

The patrolman requested a license check on the car, and, upon searching the vehicle, he found a black bag that contained three flashlights, among other items. It developed that the car was owned by Edna Russ. Russ at the time was employed at Parkway Health Center and apparently was working the 3:00 p.m.-to-11:00 p.m. shift the night of the Yam's break-in. She had loaned her car to the appellant earlier that day. At 10:30 that night she reported to the police that her car was stolen. She made a second report at 1:15 a.m. early the next morning.

Later that day Russ was taken to the police station as a suspect in connection with the Yam's burglary and theft and was read her *Miranda* rights. She admitted at that time that the appellant had called her at about 10:15 or 10:30 and told her to tell the police that her car was missing. It was following that conversation that she called the police. She further admitted that she had lied to the police about her car and that she had known there was a "problem" when the appellant called the night before. She denied knowing anything about the Yam's break-in. She admitted that two of the flashlights found in the car were hers.

The police released Russ, and later that day the appellant

took her to get her car, which had been impounded. On the way, the appellant confessed to her that he had committed the burglary and theft with another man. That afternoon, at her urging, he turned himself into the police.

## I. *ACCOMPLICE*

At the trial on September 24, 1990, the appellant moved for a directed verdict on the basis that Russ was an accomplice, and there was no corroborating evidence to support her testimony. The trial court denied the motion. The appellant then requested two instructions: one, that Russ was an accomplice as a matter of law, and two, that the issue of whether Russ was an accomplice was for the jury to decide. The trial court refused to give either instruction. It is the failure to give the second instruction that the appellant contends was error.

The accomplice statute provides that a person is an accomplice if "with the purpose of promoting or facilitating an offense" that person encourages and aids in planning or committing the offense. Ark. Code Ann. § 5-2-403 (1987). The appellant argues that this issue should have been submitted to the jury for determination. He points to the fact that the prosecutor referred in his opening statement to the question of whether Russ was an accomplice; to the use of her car and flashlights in perpetrating the crimes; to the fact that a second unidentified person who may have been Russ was at the crime scene; and to her statement that she would do anything to keep from getting in trouble.

The defendant in a criminal case bears the burden of proving that a witness is an accomplice. *Lear* v. *State*, 278 Ark. 70, 643 S.W.2d 550 (1982). A witness's status as an accomplice is a mixed question of law and fact and must be submitted to the jury if there is any evidence to support a jury's finding that the witness was an accomplice. *Earl* v. *State*, 272 Ark. 5, 612 S.W.2d 98 (1981). Where the evidence does not support an accomplice instruction, it should be refused. *Powell* v. *State*, 231 Ark. 737, 332 S.W.2d 483 (1960). In the *Earl* case the witness alleged to be an accomplice had been jointly charged with the crime, and the charge against that witness was pending at the time of trial. There was also evidence tending to connect the witness with the commission of the crime. We held that, under those facts, it was error not to instruct the jury on the law of accomplice status and

the need for corroborating evidence, should the jury find the witness was an accomplice.

■ Here, Russ testified that she was at work during the time of the break-in, and there was no testimony contradicting this. She also emphatically denied that she knew anything about the burglary and theft before the fact. Though she lied to the police initially, she later admitted this, and the trial court found her testimony to be credible. Under present law, a person who was formerly an accessory after the fact is now guilty of a separate crime — hindering apprehension and prosecution. *Tyler* v. *State*, 265 Ark. 822, 581 S.W.2d 328 (1979). The misinformation she conveyed to the police falls more readily into the category of hindering an investigation than evidence that she committed the crimes herself. Whether to give an accomplice instruction lies within the discretion of the trial court. We hold that there was no abuse of discretion under these facts.

## II. *HEARSAY*

■ The appellant raises as his second point the admissibility of hearsay testimony into evidence to prove that Russ was at work at the time of the Yam's break-in. The relevant colloquy took place during the prosecutor's direct examination of the investigating detective:

Detective: And that she was reporting it at 10:30. I also told her that I had checked with her employer.

Defense: Objection, your honor. Hearsay.

The Court: Sustained.

Prosecutor: Okay.

Prosecutor: You told her that you were suspicious, you weren't buying her story?

Detective: Correct.

Prosecutor: Okay. As part of your investigation, were you able to confirm whether or not she was at work?

Detective: Yes, she was.

Prosecutor: Okay. Were you able to confirm what time she got to work?

Defense: Your Honor, I'm going to object to that as hearsay again.

Prosecutor: I'm asking whether or not his investigation confirmed, not who said, how said or what.

The Court: How's he going to get the information?

Prosecutor: It's just part of his investigation.

The Court: Well, it's probably objectionable but let's go ahead. Everybody knows she was out there. Go ahead.

Prosecutor: Okay.

Prosecutor: Were you able to confirm that she was at work?

Detective: Yes.

Prosecutor: Okay. And what shift did she work?

Detective: The three to eleven shift.

Defense: Your Honor, I'm going to continue my objection to this.

The Court: If you won't ask any questions about it, I'll sustain it. But, if you're going to get up and ask questions about it like you already have, well, then what difference does it make? Go on.

We do not agree with the Attorney General that the appellant failed to raise his objection at the first opportunity to do so. Rather, the trial court erred in admitting this testimony into evidence. Nonetheless, the fact that Russ was at work during the time of the offenses was already before the jury through the testimony of Russ herself. There was nothing presented by the appellant to contest this. We have held that where the same evidence was introduced by another witness without objection, it was properly before the jury for consideration, and subsequent hearsay testimony by the police constituted harmless error. *Orr* v. *State*, 288 Ark. 118, 703 S.W.2d 438 (1986). That is what occurred in the case before us. We hold that the detective's testimony was harmless error.

Affirmed.