James Richard HALFORD *v.* STATE of Arkansas

CR 99-1246                                      27 S.W.3d 346

Supreme Court of Arkansas
Opinion delivered September 21, 2000

*Ben Beland*, Public Defender, by: *Claire Borengasser*, Deputy Public Defender, for appellant.

*Mark Pryor*, Att'y Gen., by: *James R. Gowen, Jr.*, Ass't Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. This is an appeal by appellant James Richard Halford from a judgment of conviction for aggravated robbery and a sentence of life imprisonment. Halford advances three grounds for appeal: (1) certain photographic evidence was cumulative, inflammatory, and unfairly prejudicial; (2) the trial court erred in disallowing defense counsel to cross-examine Patricia Payne on possible bias; and (3) victim-impact evidence presented during the sentencing phase was fundamentally unfair. We hold that none of these grounds warrants a reversal of the judgment, and we affirm.

The facts of this case were described by the victim, Everett Tolton, at trial. On April 15, 1998, Tolton, age 58, pulled into the driveway of his residence in Fort Smith for lunch and found a red Ford Escort station wagon parked there. He thought it might be his sister-in-law's vehicle. He walked to the front door of his house and found it locked. He unlocked the door and went inside. After he said, "Hello, is anyone here?," he heard a voice behind him say, "Hit the floor." Startled, he turned and saw a person behind him who said, "Hit the floor I said. I will kill you." The intruder was wielding a knife. Tolton fell to the floor and the intruder, who was later identified as Halford, tied his hands behind his back.

After taking the money from Tolton's wallet and a gold ring, Halford told Tolton that he had to kill him. He turned Tolton over and began stabbing him in the face and ears. He next tried to

choke him saying, "Give it up old man, you can't fight me." He added, "Goodbye." Tolton freed his hands and grabbed Halford in the groin. He then grabbed the knife and backed Halford up into the entrance way of the house, at which point Halford began kicking him. Tolton fled the house, but while in his yard, Halford struck him on the head with an iron skillet. Tolton attempted to cut Halford, and Halford hit him in the head again. Tolton passed out for a few minutes. When he came to, Halford had left. Tolton went to his car and called 911 on his cellular phone.

At the ensuing trial, Tolton identified Halford as his assailant. The jury found Halford guilty of aggravated robbery, and after considering five prior felony convictions in Texas, the jury sentenced him to life in prison.

## I. Photographic Evidence

Halford first argues that the trial court erred in admitting State's Exhibits 6 and 7 because they were cumulative and inflammatory photographs following in the wake of State's Exhibit 5. All three photographs depicted blood stains on the carpet at Tolton's house. Halford further contested the admission of State's Exhibits 10 and 11, which were photographs of Tolton, after the attack. Regarding State's Exhibits 10 and 11, Halford claims that one of these photographs would have been sufficient. He also claims regarding all the photographs that they failed to assist the jury in understanding the testimony and contributed no additional probative value. The main purpose of admitting all the photographs, he contends in his brief, was to "get more blood in front of the jury." He further states in connection with both sets of photographs that the trial court failed to apply the balancing test found in Arkansas Rule of Evidence 403, regarding whether the danger of unfair prejudice substantially outweighed the photographs' probative value.

With respect to State's Exhibits 6 and 7, which depict the blood on the living room floor, the State first maintains that Halford's arguments are barred by his failure to make timely and specific objections to the introduction of the photographs. More specifically, the State argues that following the admission of State's Exhibit 5, Halford's counsel objected to the admission of one of the

next two photographs based on their cumulative and inflammatory nature. But, the State contends, counsel's objection was unclear and failed to specify which of the two photographs was the objectionable photograph. Additionally, the State notes that after the trial court allowed the next two photographs to be presented, the State offered them into evidence, and they were admitted with Halford's affirmative assertion of "no objections." Regarding State's Exhibits 10 and 11, the State again asserts counsel was unclear as to which photograph he wanted excluded.

█ We conclude that defense counsel sufficiently preserved the issue of prejudicial photographs relating to Exhibits 6 and 7 for appeal. From the context of his objection and the argument that followed at the sidebar conference, it is clear that the discussion pertained to the next two photographs to be admitted after State's Exhibit 5. Throughout the discussion, defense counsel had said that he did not want both photographs introduced because that would be cumulative and inflammatory. When the trial court made its ruling, it referred to allowing "those two to be introduced," which, taken in context refers to State's Exhibits 6 and 7. The same holds true for State's Exhibits 10 and 11. Defense counsel argued that one of the photographs was all that was necessary, but the trial court ruled otherwise. It is clear to us that the ruling concerned State's Exhibits 10 and 11.

█ This court will not reverse a trial court's admission of photographs absent an abuse of discretion. See *Stewart v. State*, 338 Ark. 608, 999 S.W.2d 684 (1999) (citing *Jones v. State*, 329 Ark. 62, 947 S.W.2d 339, *cert. denied*, 522 U.S. 1002 (1997)). In *Camargo v. State*, 327 Ark. 631, 940 S.W.2d 464 (1997), we discussed the admission of photographs at trial and said:

> Although highly deferential to the trial court's discretion in these matters, this court has rejected a *carte blanche* approach to admission of photographs. *Berry v. State*, 290 Ark. 223, 227, 718 S.W.2d 447, 450 (1986). We have cautioned against "promoting a general rule of admissibility that essentially allows automatic acceptance of all photographs of the victim and crime scene the prosecution can offer." *Id.* at 228, 781 S.W.2d at 450. This court rejects the admission of inflammatory pictures where claims of relevance are tenuous and prejudice is great, and expects the trial court to carefully weigh the probative value of photographs against their prejudicial nature. *Id.* at 228-29, 781 S.W.2d at 450. We require

> the trial court to first consider whether such evidence, although relevant, creates a danger of unfair prejudice, and then to determine whether the danger of unfair prejudice substantially outweighs its probative value. *Beed v. State*, 271 Ark. 526, 609 S.W.2d 898 (1980). Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Ark. R. Evid. 403.

*Camargo*, 327 Ark. at 637, 940 S.W.2d at 467.

▮ In this case, State's Exhibit 6 displayed the same living room as State's Exhibit 5 but from the opposite end of the couch in the direction of the hallway. It further displayed the victim's wallet, which was not depicted in State's Exhibit 5. State's Exhibit 7 was a close-up of the blood stain on the floor in front of the couch and on it as well as a close-up of the victim's wallet. We conclude that there is nothing in the record to suggest that the trial court adopted a *carte blanche* approach to the admission of the crime scene photographs. On the contrary, the photographs appear to serve a valid purpose in assisting the jury to better understand the layout of the crime scene. They clearly depict the living room from different angles and allow a more in-depth view of the scene itself.

With respect to State's Exhibits 10 and 11, these were photographs of Tolton and his injuries. State's Exhibit 10 is a vertical photograph of the victim. State's Exhibit 11 is a horizontal photo of the victim from more of a close-up perspective and from a different angle. The trial court admitted them both following a sidebar conference on the basis that the second photograph showed Tolton's wounds from a different perspective.

▮ ▮ This court has said "that the nature and extent of a victim's wounds is relevant to a showing of intent." *Jones*, 329 Ark. at 66, 947 S.W.2d at 341 (citations omitted). Here, Halford was charged with aggravated robbery, an element of which is (1) that he be armed with a weapon or represent that he is so armed, or (2) that he inflict or attempt to inflict death or serious physical injury upon another person. *See* Ark. Code Ann. § 5-12-103(a) (Repl. 1997). Because State's Exhibits 10 and 11 show the extent of the victim's injuries from different angles, they are relevant for purposes of determining Halford's intent. His intent may be inferred from the type of weapon used, the manner of use, and the nature, extent, and location of the wounds. *See Camargo*, 327 Ark. at 638, 940 S.W.2d

at 468 (citations omitted). There was no abuse of discretion by the trial court regarding the admission of any of the disputed photographs.

■ As for Halford's argument that the trial court did not discuss the Rule 403 balancing test regarding unfair prejudice, we observe that he did not specifically raise Rule 403 to the trial court; nor did he ask for or receive a ruling on this issue. We have, however, stated in the past that mounting an argument that evidence is "cumulative and prejudicial" is sufficient to raise the Rule 403 point. *See Hicks v. State*, 327 Ark. 727, 940 S.W.2d 855 (1997). Accordingly, we will address it. We have said that the trial court must "*consider* whether such evidence, although relevant creates a danger of unfair prejudice and then . . . determine whether the danger of unfair prejudice substantially outweighs its probative value." *Camargo*, 327 Ark. at 637, 940 S.W.2d at 467 (citation omitted) (emphasis added). Here, there is nothing to suggest that the trial court did not engage in this analysis in making its ruling. If Halford harbored doubts in this regard, it was incumbent upon him to ask the trial court for a specific ruling. This he did not do.

## II. Witness Bias

Halford next contends that the trial court erred in not allowing him to cross-examine State's witness, Patricia Payne, regarding possible bias. He asserts that he put on the record the fact that the witness's husband was in jail and that her brother was wanted on a warrant. He also wanted to ask her if she was hiding her brother, but the trial court denied this. He further states in his brief that he "made a record of the facts he wished to elicit from Ms. Payne." It was error, he maintains, to exclude this relevant evidence of bias.

■ This court has held, and our Rules of Evidence require, that when challenging the exclusion of testimony, an appellant must make a proffer of the excluded evidence at trial so that this court can review the decision, unless the substance of the evidence is apparent from the context. *See, e.g., Leaks v. State*, 339 Ark. 348, 5 S.W.3d 448 (1999) (citations omitted); Arkansas Rules of Evidence 103(a)(2). At trial, defense counsel engaged in the following ques-

tioning of the witness during cross-examination, which was then halted by the State's objection:

DEFENSE COUNSEL: Who is Rick or Ricky Payne?

PAYNE: He is my husband.

DEFENSE COUNSEL: Where was he at the time [in May of 1998 when Detective Steven Scott was interviewing you]?

PAYNE: He was incarcerated.

PROSECUTOR: I am going to object to relevance. I don't know what relevance this has to this matter.

THE COURT: Why don't you both step forward. (Bench conference).

THE COURT: What is the relevance?

DEFENSE COUNSEL: Your Honor, her husband was in jail, her brother had outstanding warrants for him. I am going to ask her if it isn't true that she was hiding her brother out to keep her brother from getting arrested and ask her if that had an influence on her statement to Detective Snell.

The trial court denied the line of questioning but did permit counsel to delve into whether any promises or assurances had been made by the State in exchange for her testimony. Counsel never pursued this line of inquiry.

■ What is critical to our determination of this point is that defense counsel failed to go forward and make any proffer of what Ms. Payne's testimony would have been. He only advised the trial court that he wanted to pose certain questions to her. Hence, we can only speculate about Ms. Payne's answers relating to bias and any resulting prejudice. *Leaks v. State, supra.* Accordingly, this point is not preserved for our review.

### III. Victim-Impact Evidence

For his last point, Halford claims that the trial court erred in allowing Tolton's victim-impact statement to be read to the jury in its entirety. In this statement, the victim voiced his opinion about Halford's propensity for future crime, about what could have hap-

pened had Halford robbed the next-door neighbor who was eld-
erly, and about his opinion that Halford had committed similar
crimes before. He concluded that Halford should be punished to
the "full extent of the law." Halford contends that there is no way
of knowing what weight the jury gave to this statement in returning
its sentence but urges that the statement was irrelevant and funda-
mentally unfair. He asks this court either to modify the sentence or
remand for resentencing.

We are foreclosed from reaching the merits of this issue
because Halford did not object to Tolton's victim-impact statement.
This court has been adamant in holding that we will not consider
arguments and issues not objected to at trial and raised for the first
time on appeal. *See, e.g., Hill v. State*, 341 Ark. 211, 16 S.W.3d 539
(2000); *Wallace v. State*, 326 Ark. 376, 931 S.W.2d 113 (1996). The
limited exceptions to our plain-error rule are set out in *Wicks v.
State*, 270 Ark. 781, 606 S.W.2d 366 (1980), and do not apply here.

The record in this matter has been reviewed for other revers-
ible error pursuant to Ark. Sup. Ct. R. 4-3(h), and none has been
found.

Affirmed.