Jeffrey A. SWINFORD v. STATE of Arkansas

CA CR 03-4                                154 S.W.3d 262

Court of Appeals of Arkansas
Divisions II and III
Opinion delivered March 10, 2004

*William R. Simpson*, Public Defender, by: *Erin Buford Vinett*, Deputy Public Defender, for appellant.

*Mike Beebe*, Att'y Gen., by: *Katherine Adams*, Ass't Att'y Gen., for appellee.

JOHN F. STROUD, JR., Chief Judge. Appellant, Jeffrey Swinford, was tried by a jury and found guilty of the offenses of aggravated assault, theft by receiving, and fleeing. On appeal, he raises two points: 1) that the trial court erred in refusing to allow cross-

examination of two of the State's witnesses to show possible bias, and 2) that the trial court erred in refusing to instruct the jury regarding either the accomplice status or the accomplice-in-dispute status of the two witnesses. We agree with both of his points of appeal and therefore reverse and remand for a new trial.

On September 20, 2001, Officer David Moss observed a Ford Explorer that had a missing screw on the license plate, causing the plate to hang at an angle. He ran the plates and learned that the vehicle had been stolen approximately one month earlier. As he approached the vehicle in his patrol car, the vehicle sped away. A high-speed chase followed, involving speeds up to 110 miles per hour. Eventually, several police cars were involved, and the Ford Explorer was diverted into a soybean field. The driver and two occupants of the car, Peggy McBride and Christopher Hanson, exited the vehicle. The driver of the car ran. McBride started to run but was persuaded not to do so by Hanson. Officer Erica Shelby pursued the driver and was able to see the fleeing suspect's face, but she was not able to apprehend him. Officer Moss remained with the two occupants of the car, McBride and Hanson. At first, both occupants refused to tell Moss who the driver was. After about forty-five minutes, Hanson said that it was Jeffrey Swinford, the appellant. McBride did not divulge that name for another two weeks during which she was incarcerated. Based upon the name given by Hanson, the officers retrieved a driver's license photo of Swinford, which was identified by Officer Shelby as the man she chased. Shelby also identified appellant at trial.

The two points raised in this appeal involve McBride and Hanson. Appellant proffered police-report forms, which indicated that McBride and Hanson were charged with several offenses as a result of the encounter with police on September 20, 2001: Class B felony theft by receiving, Class C felony theft by receiving, felony possession of prescription pills, felony possession of drug paraphernalia, carrying a weapon, felony fleeing, obstructing governmental operations. In addition, the reports showed that McBride was also charged with drinking in public and not wearing a seat belt. Appellant sought to cross-examine them with respect to why, except for the obstruction-of-governmental-operations charges, the other charges were not pursued. The purpose of the cross-examination was to show possible bias. The trial court refused to allow cross-examination with respect to any charges

other than the obstruction-of-governmental-operations charges. This set of circumstances forms the basis for appellant's first point of appeal.

The second point of appeal involves appellant's attempt to have the jury instructed on the status of McBride and Hanson as either accomplices as a matter of law or accomplices in dispute. The trial court refused both proffered instructions.

### 1) Cross-Examination to Show Bias

A trial court is accorded wide discretion in evidentiary rulings, and will not be reversed on such rulings absent a manifest abuse of discretion. *Pryor v. State*, 71 Ark. App. 87, 27 S.W.3d 440 (2000). A witness's credibility is always an issue, subject to attack by any party. *Id.* The scope of cross-examination extends to matters of credibility. *Id.*; Ark. R. Evid. 611. A matter is not collateral if the evidence is relevant to show bias, knowledge, intent, or interest. *Pryor v. State*, 71 Ark. App. 87, 27 S.W.3d 440 (2000). Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence that might bear on the accuracy and truth of a witness's testimony. *Id.* In other words, matters affecting the credibility of a witness are always relevant. *Id.* Moreover, our appellate courts have traditionally taken the view that the cross-examiner should be given wide latitude because cross-examination is the means by which to test the truth of the witness's testimony and the witness's credibility. *Id.* Full cross-examination should be allowed in order to show bias, and this is especially true in the case of an accomplice since his testimony is the direct evidentiary link between the defendant and the crime. *Henderson v. State*, 279 Ark. 435, 652 S.W.2d 16 (1983). This rule applies to testimony given under expectation or hope of immunity or leniency or under the coercive effect of his detention by authorities. *Id.* The test is the expectation of the witness and not the actuality of a promise. *Id.* Denial of cross-examination to show the possible bias or prejudice of a witness may constitute constitutional error of the first magnitude as violating the Sixth Amendment right of confrontation. *Id.*

Normally, our appellate courts will not consider a point involving the exclusion of evidence when there was no proffer of excluded evidence because we have no way of knowing the substance of the evidence. *Henderson v. State*, 279 Ark. 435, 652

S.W.2d 16 (1983). However, there is no need for a proffer in either of two situations. *Id.* First, there is no need for a proffer where the substance of the offer was apparent from the context within which the questions were asked. *Id.* Second, in situations involving accomplices, it is normally only the prosecutor and the accomplice who know what expectation, if any, the State is holding out for the accomplice. *Id.* The defendant and his attorney do not usually have this information. *Id.* Arkansas Rule of Evidence 103(a)(2) does not contemplate a proffer of evidence when the information is unavailable to the cross-examiner. *Id.*[1]

Here, the police reports proffered by appellant establish that the two witnesses were at least initially charged with several offenses. Yet the only offense that was pursued was that of obstruction of governmental operations, a misdemeanor. Appellant contends that he was entitled to pursue cross-examination concerning these other charges and any possible leniency afforded by the State in exchange for testimony against appellant.

The State's only rebuttal to appellant's argument on this issue is a procedural one. The State argues that the issue was not preserved because appellant did not proffer the excluded testimony or the existence of a plea agreement in exchange for the testimony. The State's position is not convincing under the circumstances of this case. The instant case is similar to that of *Henderson, supra,* and the two bases given in *Henderson* to support the position that the issue was properly preserved would apply here as well. Moreover,

---

[1] The dissenting opinion attempts to distinguish *Henderson v. State,* 279 Ark. 435, 652 S.W.2d 16 (1983), and relies instead upon *Halford v. State,* 342 Ark. 80, 27 S.W.3d 346 (2000). We reach the opposite conclusion, finding that *Halford, supra,* is distinguishable and that *Henderson* is more applicable to the instant case. In *Halford,* unlike the instant case, the trial court would have permitted defense counsel "to delve into whether any promises or assurances had been made by the State in exchange for her testimony"; however, counsel never pursued this line of inquiry. In the instant case, it is precisely this line of inquiry that was denied to the appellant. Even if we were to assume that these witnesses would have denied any promises of leniency, the prejudice in the trial court's ruling lies in the defense not being allowed to ask the questions. The jury gets to decide whether it believes the witnesses, and in making that assessment, it also gets to hear the *reasons* why a witness might be biased and it gets to observe the witnesses' demeanor in responding to such questions. Moreover, as noted in *Henderson, supra,* information regarding possible promises of leniency is usually not available to the defense, which is the second exception to the proffer requirement. The *Halford* case does not even cite *Henderson,* much less overrule it, for the likely reason that it was simply not applicable to the *Halford* facts.

here, the police reports showing the initial charges against Hanson and McBride were proffered, including Class B felony theft by receiving, Class C felony theft by receiving, felony possession of prescription pills, felony possession of drug paraphernalia, carrying a weapon, felony fleeing, and obstructing governmental operations. In addition, the reports showed that McBride was also charged with drinking in public and not wearing a seat belt.

■ Our supreme court has held that the erroneous denial of a defendant's opportunity to impeach a witness is subject to a harmless-error review under *Chapman v. California*, 386 U.S. 18 (1967). *Jones v. State*, 336 Ark. 191, 984 S.W.2d 432 (1999). To conclude that a constitutional error is harmless and does not mandate a reversal, our appellate courts must conclude beyond a reasonable doubt that the error did not contribute to the verdict. *Id.*

■ Here, the only evidence tying appellant to these offenses was the testimony of McBride and Hanson, both of whom appellant was prohibited from fully cross-examining regarding possible bias, and the identification testimony of Officer Erica Shelby, who admittedly only saw appellant for approximately two seconds during a foot chase. Eliminating the testimony of McBride and Hanson leaves only a two-second opportunity for identification to support the conviction. Thus, we have concluded that this trial error was not harmless beyond a reasonable doubt.

### 2) Refusal to Instruct Jury on Accomplice or Accomplice-in-Dispute Status

■ We address appellant's second argument concerning the trial court's refusal to instruct the jury on accomplice status because it is likely to recur on retrial. A person is criminally liable for the conduct of another person when he is the accomplice of another person in the commission of an offense. *Davis v. State*, 350 Ark. 22, 86 S.W.3d 872 (2002). A criminal defendant is an accomplice where the defendant renders the requisite aid or encouragement to the principal with regard to the offense at issue. *Id.* Mere knowledge that a crime is being committed, concealment of that knowledge, or failure to inform officers that an offense has been committed, are not sufficient to establish accomplice liability. *Cook v. State*, 350 Ark. 398, 86 S.W.3d 916 (2002). The appellant bears the burden of proving that a witness is an accomplice whose testimony must be corroborated. *Id.* Mere presence at the crime

scene or failure to inform law enforcement officers of a crime does not make one an accomplice as a matter of law. *Id.* The determination of the status as an accomplice is ordinarily a mixed question of law and fact. *Davis v. State, supra.* The testimony of an accomplice must be corroborated before a defendant may be convicted of a felony. *Id.* The corroboration is not sufficient if it merely shows that the offense was committed and the circumstances thereof; it must consist of other evidence tending to connect the defendant with the commission of the offense. *Id.* In order to preserve an accomplice issue for appellate review, a defendant must either have the trial court declare a witness to be an accomplice as a matter of law or submit the issue to the jury for determination. *Brown v. State,* 82 Ark. App. 61, 110 S.W.3d 293 (2003).

In *King v. State,* 323 Ark. 671, 677-78, 916 S.W.2d 732, 735 (1996), our supreme court explained:

> Our law is well-settled that a witness's status as an accomplice is a mixed question of law and fact, and that when the status of a witness presents issues of fact, the defense is entitled to have the question submitted to the jury. The question must be submitted to the jury where there is any evidence to support a jury's finding that the witness was an accomplice.

(Citations omitted.)

Here, McBride and Hanson were with appellant in the stolen vehicle, with him when he was trying to elude police, and McBride started to run when appellant did but was persuaded not to do so by Hanson. Both McBride and Hanson were initially charged with theft by receiving and several other offenses previously listed. While it is clear that McBride and Hanson were not accomplices as a matter of law, we find that there was sufficient evidence to submit the issue of their status as accomplices to the jury and that the trial court erred in refusing to do so.

Reversed and remanded.

PITTMAN, HART, NEAL, and BAKER, JJ., agree.

BIRD, J., dissents.

SAM BIRD, Judge, dissenting. I respectfully dissent in this case because (1) I do not believe that appellant Swinford pre-

served for appellate review the issue of whether the trial court erred in refusing to permit him to cross-examine Hanson and McBride as to their alleged bias against him; and (2) I do not believe that the trial court erred in refusing to instruct the jury on the law of accomplice corroboration. Therefore, I would affirm.

## 1. Failure to Preserve for Appellate Review

I believe that Swinford's first point on appeal is procedurally barred because he made no proffer of the evidence that he sought to introduce through his cross-examination of Hanson and McBride. To challenge a ruling of the trial court excluding evidence, the appellant must proffer the excluded evidence so that the appellate court can review the trial court's decision, unless the substance of the evidence is apparent from the context. Ark. R. Evid. 103(a)(2); *Halford v. State*, 342 Ark. 80, 27 S.W.3d 346 (2000); *Leaks v. State*, 339 Ark. 348, 5 S.W.3d 448 (1999). The failure to proffer evidence so this court can determine if prejudice resulted from its exclusion precludes review of the evidence on appeal. *Leaks v. State, supra*.

Arkansas Rule of Evidence 103 states, in part:

(a) *Effect of Erroneous Ruling*. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and

(2) *Offer of proof*. In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.

Following the court's refusal of Swinford's request to cross-examine Hanson and McBride about other crimes with which they were not charged, the only evidence proffered by Swinford was (1) a Pursuit Report made by Trooper Moss in which he described the incident, stated that Hanson and McBride were charged with Class B felony theft by receiving, Class C felony theft by receiving, felony possession of prescription pills, possession of drug paraphernalia, carrying a weapon, felony fleeing, and obstructing government operations, and stated that McBride was also charged with drinking in public and not wearing a seat belt; and (2) an Incident/Activity Report that merely repeated the contents of the Pursuit Report.

My disagreement with the majority opinion on the first point involves the issue of whether Swinford, as a prerequisite to preserving this issue for appellate review, was required to proffer the evidence that he would have elicited from Hanson and McBride had he been permitted to cross-examine them pertaining to these charges and their bias. Relying on *Henderson v. State*, 279 Ark. 435, 652 S.W.2d 16 (1983), the majority concludes that no proffer was required because the substance of Hanson's and McBride's testimony was made apparent by the police reports that Swinford proffered. I do not agree that Swinford was relieved from the requirement of proffering the evidence that was excluded by the trial court's ruling. Nor do I agree that the police reports that Swinford proffered rendered the excluded evidence apparent from the context. While these two reports reveal the charges about which Swinford desired to question Hanson and McBride, they provide no clue as to what their answers to the questions would have been.

I also disagree with the majority that the police reports proffered by Swinford provide a basis for concluding that Hanson and McBride were ever charged with anything other than obstructing government operations. Those reports were nothing more than what they purported to be: reports of the State Trooper about what happened. They do not constitute charging instruments. As the State argued, and the court agreed, the state police do not have the authority to make the charging decision. The fact that the state police's reports recited that Hanson and McBride were charged with a list of other crimes is not evidence that such charges were ever filed. More importantly, the reports did not provide the substance of the evidence that would have been revealed by Swinford's cross-examination of Hanson and McBride.

Furthermore, the jury had already learned from listening to the audio recording of conversations that Trooper Moss had with Hanson and McBride in the soybean field, which was played for the jury at Swinford's request. The only charge of which Trooper Moss informed McBride and Hanson in the soybean field was that they would be "going down" for felony theft of a motor vehicle. Although Swinford did not abstract those conversations, the audio recording, which was made a part of the record, reveals that after Trooper Moss arrested and handcuffed McBride and Hanson, the following exchanges occurred:

*Between Moss and McBride*

Moss: Who's your buddy, your buddy that ran? You better not ... lie to me either.

McBride: Some guy we met ...

Moss: Some guy my ass, ...

McBride: ... in a bar.

Moss: ... who is it, right now? 'Cause you're going down for this. You're going down for felony theft.

McBride: Theft of what?

Moss: Theft of a vehicle.

McBride: Oh, my God!

*Between Moss and Hanson*

Moss: Who's your buddy that jumped out up there by the house? Don't lie to me. Who is it? Who's your buddy that jumped out?

Hanson: (Inaudible)

Moss: Alright, y'all take the rap for it. It don't mean nothing to me. Y'all go to jail. That'll be real nice.

There is nothing in the record to suggest that Trooper Moss made mention of any other charges against McBride and Hanson until it appeared in his pursuit and incident reports that, in addition to the felony-theft-of-motor-vehicle charge, that they were also charged with felony theft by receiving, felony possession of prescription pills, possession of drug paraphernalia, carrying a weapon, and felony fleeing. It is clear that McBride and Hanson were never charged with those offenses, and there is nothing in the record to indicate that they were ever informed that Trooper Moss even suggested in his reports that they would be so charged. Swinford simply presented no proof that Hanson and McBride were charged with any offenses arising from the incident other than obstructing government operations, about which Swinford was free to cross-examine them.

I do not find *Henderson, supra,* which the majority relies upon to hold that the substance of the evidence that would have been provided through Hanson's and McBride's cross-examination was apparent from context of the questions, to be applicable to the case at bar. In *Henderson,* two people were murdered in the course of a robbery. The appellant, Henderson, and his accomplice, Brown, were arrested. Henderson was charged with two capital felony murders, exposing him to the death penalty, while Brown was allowed to plead to the lesser charge of murder in the first degree. During Henderson's trial on the capital charges, Brown took the stand, and Henderson's counsel asked him, "What kind of a deal are you getting for yourself, Mr. Brown?" The prosecutor objected, the court sustained the objection, and Henderson appealed. The State argued that the point was not preserved for appeal because no proffer was made. The supreme court disagreed and reversed, holding that there are two exceptions to the requirement of a proffer: (1) where the substance of the offer was apparent from the context within which the question was asked; and (2) where it is only the prosecutor and the accomplice who know what expectation, if any, the state is holding out for the accomplice, and the information is not available to the cross-examiner. The *Henderson* court, relying on the first exception, concluded, "The substance of the answer to the question objected to is apparent to us." However, in *Henderson,* the context surrounding the questioning of the witness was that Brown was an admitted accomplice to Henderson's crime, and that Brown had pled guilty to the lesser charge of first-degree murder. Therefore, the substance of Brown's answer to Henderson's attorney's question was quite apparent, *i.e.,* that he had pled guilty to first-degree murder. In contrast, in the case at bar, this court cannot tell from the context of the questions asked what either Hanson or McBride would have answered. They were not charged with any crime other than obstructing government operations, charges about which the court ruled that Swinford was free to cross-examine them. We have no idea why they were not charged with the offenses listed on the police report, and we do not know what their answers would have been as to why they were not charged or whether they even knew about Trooper Moss's reports mentioning the other charges. Nor do either of Trooper Moss's reports state what Hanson's and McBride's testimony would have been.

From the record before us, we are being asked to speculate what Hanson and McBride's testimony would have been about charges that were mentioned in the state trooper's incident reports

but were never filed. While it is quite apparent that Swinford's counsel sought to cross-examine Hanson and McBride about whether any promises were made not to prosecute them on unfiled charges, it is not apparent that the answers to these questions would have provided any evidence that these witnesses had been offered leniency in any form in exchange for their cooperation with the State. In fact, the only evidence in the record on this issue is the testimony of McBride that she had not been made any promises by the prosecuting attorney that she would not be charged with any other offenses. Following the court's ruling, right or wrong, that cross-examination of Hanson and McBride about other charges would not be permitted, Swinford was free to request to proffer his cross-examination of the witnesses *in camera* in an attempt to elicit evidence that would reveal a basis for their bias. No such request was made, and we have no way of knowing what their testimony on cross-examination would have revealed; therefore, we are unable to review it on appeal. Swinford did not even inform the court what evidence he anticipated would come from his cross-examination of Hanson and McBride, a procedure that has been found to be sufficient to meet the proffer requirement of Ark. R. Evid. 103(a)(2); *Halford v. State*, 342 Ark. 80, 27 S.W.3d 346 (2000). In *Halford*, the supreme court wrote:

> What is critical to our determination of this point is that defense counsel failed to go forward and make any proffer of what Ms. Payne's testimony would have been. He only advised the trial court that he wanted to pose certain questions to her. Hence, we can only speculate about Ms. Payne's answers relating to bias and any resulting prejudice.

342 Ark. at 87, 27 S.W.3d at 350 (citing *Leaks v. State, supra*).

I am at a loss to understand the meaning of the majority's Footnote 1. Regarding Swinford's first argument on appeal, it is not my position that the trial court's ruling, if erroneous, was not prejudicial. Rather, my disagreement with the majority is whether Swinford preserved for appellate review the trial court's refusal to allow him to cross-examine two witnesses about charges never filed against them in an effort to demonstrate their bias. Even if I could concede that the trial court erred, the error is not preserved for appellate review under Ark. R. Evid. 103(a)(2) because Swinford did not proffer the evidence he alleges was excluded by the erroneous ruling. While the majority notes and discusses the two exceptions to the proffer requirement, it does not say whether

either or both are applicable to this case, or why. Instead, by its Footnote 1, the majority creates a third exception to the proffer requirement that relieves an appellant from proffering erroneously-excluded evidence relating to a witnesses' bias if, by the court's ruling, the jury is deprived of the opportunity to hear the witnesses reasons why he or she might or might not be biased and to observe the witnesses' demeanor in answering the questions. Since an erroneous exclusion of evidence by the trial court will always result in depriving the jury from hearing and observing the witnesses' answers, the majority's new third exception vitiates Ark. R. Evid. 103(a)(2) in all cases where the trial court erroneously refuses to permit a party to question a witness about his bias. I am aware of no authority for this novel and broad-sweeping exception to the proffer requirement, and the majority cites none.

## 2. Lack of Proof of Accomplice Status

I also would affirm on Swinford's second argument on appeal, which is whether the trial court erred in refusing to instruct the jury on accomplice corroboration. An accomplice is one who, with the purpose of promoting or facilitating the commission of an offense, either solicits, advises, encourages, or coerces the other person in planning or committing it, or fails to make a proper effort to prevent the commission of the offense, provided he has a legal duty to prevent it. The test for determining whether a person could be charged as an accessory is could the person so charged be convicted as a principal, or an accessory before the fact, or an aider and abetter upon the evidence. *Burke v. State*, 242 Ark. 368, 413 S.W.2d 646 (1967). To constitute one an accomplice, he must take some part, perform some act, or owe some duty to the person in danger that makes it incumbent on him to prevent the commission of the crime. *Id.*

In this case, Swinford bears the burden of proving that McBride and Hanson promoted or facilitated the crimes with which Swinford was charged: aggravated assault, theft-by-receiving, and fleeing. Undisputedly, there was no evidence that McBride or Hanson participated in the theft of the Explorer or even knew that it was stolen. To the contrary, the only evidence was that they did not know the car was stolen. There was no dispute that Swinford was driving the Explorer, and there was no evidence whatsoever that Hanson or McBride promoted or facilitated Swinford in attempting to run Trooper Moss's patrol car off the road, which was the basis of the aggravated-assault charge. Nor

was there any evidence that either Hanson or McBride promoted or facilitated Swinford's fleeing. In fact, the only evidence was that Hanson tried to get him to stop.

On this point, I think it is important to note that, contrary to Swinford's assertion in his appeal brief, the court did not limit Swinford's cross-examination of Hanson and McBride as to matters that might have produced evidence as to their accomplice status. The court's ruling merely precluded Swinford from soliciting evidence from Hanson and McBride about charges that were never filed against them, in an attempt to establish their bias. The court's ruling did not preclude Swinford from inquiring into whether they participated with, promoted, or facilitated Swinford in the commission of crimes with which Swinford was charged.

Swinford did not undertake to examine either Hanson or McBride on the issue of their status as accomplices and there was no evidence presented that would have supported either accomplice instruction. *Grillot v. State,* 353 Ark. 294, 107 S.W.3d 136 (2003); *Hopes v. State,* 306 Ark. 492, 816 S.W.2d 167 (1991). The effect of the majority opinion is to require an instruction in the absence of any evidence, and to permit the jury to speculate as to whether or not Hanson and McBride were accomplices.

In summary, I do not believe that Swinford preserved for appellate review the issue of whether the trial court erred in refusing to permit him to cross-examine Hanson and McBride as to their alleged bias against appellant, and I do not believe that the trial court erred in refusing to instruct the jury on the law of accomplice corroboration. Once again, this court has expanded the meaning of Ark. R. Evid. 103 by holding that a proffer will no longer be required if the appellate court can speculate as to what the excluded evidence might have been if the appellant had received the answers for which he had hoped. (*See Pryor v. State,* 71 Ark. App. 87, 27 S.W.3d 440 (2000) (Bird, J., dissenting.)) It is unfortunate that the effect of the majority opinion is to impose upon the State the burden of a second trial so Swinford can go on a fishing expedition.