Cite as 2026 Ark. App. 293

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CR-25-710

| | |
|---|---|
| CYRIL GRAY III<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered May 13, 2026<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT<br>[NO. 26CR-24-984]<br><br>HONORABLE RALPH C. OHM, JUDGE<br><br>AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

Cyril Gray III appeals his Garland County Circuit Court conviction for theft of property. On appeal, Gray argues that the circuit court erred by denying his directed-verdict motion, restricting his closing argument, permitting a witness to testify about the prosecutor's opinion, and not finding prosecutorial misconduct. We affirm.

On December 26, 2024, the State filed a criminal information charging Gray with theft of property over $5,000 but less than $25,000. The State alleged that between July 1, 2021, and August 22, 2024, Gray stole a 2011 Bayliner ski boat from Wesley Burnett.

The case proceeded to a jury trial on July 7, 2025. At trial, Burnett testified he owned a 2011 Bayliner Bowrider boat and that in June 2021, the engine stopped working because the engine and manifolds were cracked. He explained that he contacted Gray about repairing the engine and manifolds and that in July, he transported the boat to Gray's house for Gray

to assess it for repairs. Burnett stated that in October, Gray told him that the repair costs would be $6,600 for parts and $1,200 for labor and that he could pay the labor costs when the job was completed. Burnett stated that in November, he paid Gray $6,600 in cash for the parts, including a new engine. Burnett explained that for almost three years, he communicated with Gray through text messages and phone calls about making the repairs. He testified that Gray sometimes responded that he was working on the boat, but Gray also frequently did not respond. The State introduced text messages between Burnett and Gray from 2021 through 2024.

Burnett stated that in late 2023, he sent Gray a text message that stated, "This is getting pretty ridiculous. Actually, it's well beyond ridiculous. I guess I'm gonna report the boat as stolen." He stated that Gray responded, "That wouldn't be a smart thing to do." Burnett responded, "You had [the boat] for over two and a half years, and I'm tired of you ignoring my text and calls. So I'm done with it." He further stated that in late 2023 and early 2024, he sent Gray multiple messages asking to pick up the boat, but Gray did not respond.

Burnett explained that Gray never returned the boat, and after he reported the situation to the police, the police recovered the boat at Gray's daughter's house in August 2024. Burnett stated that he did not know the boat was at Gray's daughter's house, and he did not know where Gray's daughter lived. He further stated that the boat was in bad condition and did not have an engine.

During cross-examination, Gray's counsel questioned Burnett about his insurance claim on the boat alleging theft, and counsel sought to introduce a letter from Burnett's

2

insurance company, which denied coverage because the company found that the boat had not been stolen. The State objected to the introduction of the letter on the basis of hearsay and lack of authentication, and the court sustained the objection.

Detective Matthew Cheatham testified that he worked in the property-crime division of the Hot Springs Police Department and that, in July 2024, he spoke with Burnett about his boat. He explained that after he spoke with Burnett, he contacted the prosecutor's office for a second opinion about the case. Cheatham stated that the prosecutor agreed with him that Burnett's accusations supported a theft-of-property charge.

Gray objected to Cheatham's testimony about the opinion of the prosecutor's office and argued "improper hearsay and bolstering." He asserted that the prosecutor is "trying to use the fact that [Cheatham] called the prosecutor's office, and they said it was a crime, to bolster his opinion that this was, in fact, a theft." The court overruled the objection, and it found that the testimony concerned "an action as opposed to a statement."

Thereafter, during Gray's cross-examination of Cheatham, counsel questioned Cheatham about his phone calls with Burnett. Cheatham acknowledged that he had spoken with Burnett on the phone on July 24, and 26 and August 20 about Burnett's allegations against Gray. He also acknowledged that the calls were automatically recorded by the police department but were automatically deleted after ninety days and cannot be retrieved.

After cross-examination, the State re-called Cheatham, and the prosecutor referenced the questions concerning the deleted phone recordings and that the jury "doesn't get to hear them." The prosecutor then asked Cheatham, "How many trials have you testified in where

a victim's telephone calls have been allowed to be played?" Gray's counsel objected to the question on the basis of relevance. The prosecutor argued to the court that even though the recordings had been deleted, the recordings could not have been played to the jury because they are hearsay. The court disagreed with the prosecutor and sustained Gray's objection. The court noted that "[t]here are situations where those conversations could have been—or portions of them could have been admissible."

At the conclusion of the State's case, Gray moved for a directed verdict. He argued that

> the evidence doesn't support a conviction of theft of property here. We've had numerous conflicting statements about whether the boat was stolen or not stolen, who deemed it stolen, whether the victim himself thought it was stolen. He initially testified he didn't know. Then he tried to back saddle and say that he did, and then he said that he didn't. Then he told insurance that it was deemed stolen by everyone else. Quite frankly, I don't see how any reasonable juror is going to find Mr. Gray guilty at this point.
>
> Your Honor, further than that, the State on valuation itself, have entered open-source valuations but none of them are comparable to the boat because the valuations are based on boats with engines and manifolds. And we've clearly established that Mr. Burnett gave this boat to Mr. Gray without an engine and without a manifold. Thus, they haven't proved valuation even.

The court denied the motion. At the close of the evidence, Gray renewed his directed-verdict motion. He argued,

> We would cite the same reasons, Your Honor. Further, after the defense has put on their case, I think a reasonable juror would not be able to convict Mr. Gray. Specifically, one of the main issues has been that Mr. Burnett allegedly was not aware of where the boat was, and that somehow made it unauthorized. Your Honor, we have direct evidence from somebody that the victim confirmed was a close friend who told him where it was.

The court again denied the motion.

Thereafter, the parties made closing statements. During the State's closing argument, the prosecutor made the following statements about the deleted recorded phone calls:

> Defense tried to insinuate through Detective Cheatham that the victim's recorded phone calls didn't get to be played because he negligently didn't download them. Should he have downloaded them? Yes. Would you all have gotten the opportunity to listen to them today? No. It would have been hearsay.

Gray's counsel objected on the basis of relevance and "not facts in evidence," and he argued that the prosecutor was "arguing evidentiary legal issues that were not presented to the jury," and it was "completely improper." The court overruled the objection, and it noted that it had instructed the jury to disregard any arguments, statements, or remarks of attorneys having no basis in the evidence.

The prosecutor also referenced the insurance letter during closing statements. Specifically, the prosecutor stated, "In openings, defense counsel also showed you a letter from an insurance company. I submit to you . . . you don't have that letter into evidence. You can't consider it."

Later, during Gray's closing statement, counsel stated,

> The letter from the insurance company. You dang right I mentioned it in my opening. You dang right I did. And you know what? You heard me question about it. You heard me try to get it into evidence. And the State has the burden here today. And they didn't enter it. Why didn't they? Why are they hiding the letter from the insurance company from you?

The State objected and asked for a cautionary instruction to the jury to disregard counsel's comment that the State is "hiding" the letter. The court sustained the State's objection and

5

advised Gray's counsel that "[y]ou can tell them that . . . the burden was on them to . . . prove their case. You can tell them that . . . you thought the letter was important, but it didn't come in, and so you can't go any further than that."

The jury later found Gray guilty of theft of property, and he was sentenced to a three-year suspended sentence and ordered to pay $16,000 in restitution. Gray now appeals his conviction.

On appeal, Gray first argues that the circuit court erred by denying his directed-verdict motion. He argues that the State presented insufficient evidence that he knowingly exercised unauthorized control over the boat. He points out that Burnett gave him the boat for repairs, and he asserts that the State did not prove that Gray knew Burnett wanted the boat back. He also argues that the State presented insufficient evidence that he possessed the boat with the purpose of depriving Burnett, and he claims that the evidence shows that he intended to repair the boat but merely failed to do so in a timely manner. He claims that Burnett could have retrieved the boat at any time.

We hold that Gray's sufficiency arguments are not preserved for review. To preserve a challenge to the sufficiency of the evidence in a jury trial, a criminal defendant must make a motion for directed verdict at the close of the evidence offered by the prosecution and at the close of all the evidence. Ark. R. Crim. P. 33.1(a). An appellant must make a specific motion for a directed verdict that informs the circuit court of the exact element of the crime that the State has failed to prove. *Conley v. State*, 2011 Ark. App. 597, 385 S.W.3d 875. Further, a party cannot enlarge or change the grounds for a motion on appeal but is bound

6

by the scope and nature of the arguments made at trial. *Daniels v. State*, 2018 Ark. App. 334, 551 S.W.3d 428.

The supreme court has held that a failure to make a directed-verdict motion with specificity regarding the sufficiency issue on appeal equates to the motion never having been made—even in situations where the motion is specific at the close of all the evidence but not at the close of the State's case. *Williamson v. State*, 2009 Ark. 568, 350 S.W.3d 787. Failure to abide by these procedural rules renders any question of the sufficiency of the evidence waived on appeal. Ark. R. Crim. P. 33.1(c); *Bradley v. State*, 2013 Ark. 58, 426 S.W.3d 363.

Here, at the close of the State's case, Gray moved for a directed verdict and argued that the State presented insufficient evidence of theft of property because there was conflicting testimony concerning whether the boat was stolen. He also argued about the State's evidence concerning the value of the boat. However, he did not argue that the State presented insufficient evidence that he knowingly exercised unauthorized control over the boat or that he possessed the boat with the purpose of depriving Burnett of the boat. Accordingly, Gray's arguments are not preserved for appellate review.

Gray next argues that the circuit court abused its discretion by restricting his closing statements concerning the State's failure to introduce the insurance letter. He asserts that he was entitled to comment on the letter and about the weaknesses in the State's case, and he claims that the circuit court denied him the ability to present a defense in violation of his constitutional rights.

7

We disagree with Gray's assertions. The circuit court did not restrict Gray from mentioning the letter. The court advised Gray's counsel, "You can tell them that . . . the burden was on [the State] to . . . prove their case. You can tell them that . . . you thought the letter was important, but it didn't come in, and so you can't go any further than that." Further, Gray did not raise any constitutional issues at trial; accordingly, his constitutional arguments are not preserved for our review. It is well settled that an appellant must raise and make an argument at trial to preserve it on appeal. *See Howard v. State*, 348 Ark. 471, 79 S.W.3d 273 (2002).

Gray also argues that the circuit court abused its discretion by permitting Cheatham to testify that the prosecutor's office confirmed that Barnett's accusations against him supported a theft-of-property charge. He argues that Cheatham's testimony mandated a legal conclusion and confirmed the criminality of his conduct. He asserts that the testimony amounts to a prejudicial error because it invited the jury to render a verdict based on the prosecutor's judgment.

Gray's argument is not preserved for review. At trial, Gray objected on the basis of hearsay and improper bolstering, and he did not argue that Cheatham's testimony mandated a legal conclusion. *See Halford v. State*, 342 Ark. 80, 27 S.W.3d 346 (2000). Accordingly, we find no error on this point.

Gray's final argument on appeal is that the circuit court erred by not finding prosecutorial misconduct when the prosecutor commented about the admissibility of the deleted phone recordings during closing arguments. He complains about other comments

made by the prosecutor throughout trial, and he asserts that the remarks amounted to cumulative error that deprived him of a fair trial.

Gray's argument is again not preserved for our review. During closing statements, he objected to the prosecutor's remarks about the deleted phone recordings. However, he did not argue that the prosecutor's remarks amounted to a cumulative error that deprived him of a fair trial. Accordingly, we cannot address his argument on appeal. We therefore affirm Gray's conviction.

Affirmed.

VIRDEN and HARRISON, JJ., agree.

*Lassiter & Cassinelli*, by: *Michael Kiel Kaiser*, for appellant.

*Tim Griffin*, Att'y Gen., by: *A. Evangeline Bacon*, Ass't Att'y Gen., for appellee.