David MIDDLETON *v.* STATE of Arkansas

CR 92-421                                    ‚842 S.W.2d 434

Supreme Court of Arkansas
Opinion delivered December 14, 1992

*Laws & Murdock, P.A.*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Cathy Derden*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, David Middleton, appeals from the part of a judgment of the Newton Circuit Court convicting him of "possession with intent to deliver a quantity of intoxicating beverages without having a valid license as provided in the Arkansas Alcoholic Control Act." The judgment was entered pursuant to a jury verdict which, among other things not relevant to this appeal, sentenced appellant to serve one year in

the Newton County Jail and fined him $1,000.00 for the charge in question. For reversal of the conviction, appellant asserts two points of error. Both of appellant's arguments are procedurally barred and we therefore affirm the judgment of conviction.

Appellant's first argument for reversal is that the charge for which he was convicted is not a criminal offense under the statute named in the charging instrument. The heading of the information lists a summary of the charges against appellant and among that list is the charge at issue on this appeal: "POSSESSION OF ALCOHOL WITH THE INTENT TO SALE, #3-3-205, 1 count." However, the text of the information states the charge as follows:

> *Count #10* The said defendant on the 30th day of July, 1991, in Newton County, Arkansas, did unlawfully *possess, with the intent to deliver a quantity of intoxicating beverages without having a valid license as provided by the Arkansas Alcoholic Control Act,* against the peace and dignity of the state of Arkansas. [Emphasis added.]

Count Ten obviously charges appellant with conduct in violation of the entire Alcoholic Control Act. Thus, the premise of appellant's argument, that he was charged with violating only Ark. Code Ann. § 3-3-205 (Supp. 1991), is false.

The fact that appellant's argument is based on a false premise is of no consequence to our decision on appeal because appellant has not preserved this argument for our review. Appellant did not object to the charging instrument at trial. The trial court was not apprised of the error about which appellant complains and made no ruling for our review. As this argument is raised for the first time on appeal, it is not preserved for our review. *Mays v. State*, 308 Ark. 39, 822 S.W.2d 846 (1992). We point out that while it is true that being convicted of a crime for which one was not charged is a violation of due process, *Hill v. State*, 303 Ark. 462, 798 S.W.2d 65 (1990), *Hedrick v. State*, 292 Ark. 411, 730 S.W.2d 488 (1987), even constitutional arguments are waived when argued for the first time on appeal. *Collins v. State*, 308 Ark. 536, 826 S.W.2d 231 (1992).

As his second argument for reversal, appellant asserts that if we determine the charge for which he was convicted is

indeed a crime, there is insufficient evidence to support his conviction. We have repeatedly held that in order to preserve a sufficiency of the evidence argument for appellate review, an appellant must move for a directed verdict at the close of the state's case and again at the close of all the evidence in the trial. A.R.Cr.P. Rule 36.21(b); *Shankle* v. *State*, 309 Ark. 40, 827 S.W.2d 642 (1992). The record reflects that appellant waived his right to challenge the sufficiency of the evidence by failing to make a motion for directed verdict at the close of the state's case before presenting evidence on his behalf. In addition, appellant again waived this argument when at the close of all evidence, he merely made "the usual motions." A challenge to the sufficiency of the evidence, whenever it is made, requires a specific motion to apprise the trial court of the particular point raised; a general "usual motion" such as the one made by appellant will not suffice. Rule 36.21(b) is strictly construed. *Easter* v. *State*, 306 Ark. 452, 815 S.W.2d 924 (1991). We adhere to that strict construction and do not consider the merits of appellant's challenge to the sufficiency of the evidence due to his waiver. *McArthur* v. *State*, 309 Ark. 196, 830 S.W.2d 842 (1992).

The judgment is affirmed.