Michael BELL *v.* STATE of Arkansas

CA CR 06-871                                   272 S.W.3d 110

Court of Appeals of Arkansas
Opinion delivered January 23, 2008

*Self Law Firm*, by: *Joseph C. Self*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Carolyn Boies Nitta*, Ass't Att'y Gen., for appellee.

WENDELL L. GRIFFEN, Judge. A Union County jury found Michael Bell guilty of various drug offenses, for which he received a total seventy-three-year term in the Arkansas Department of Correction. He does not challenge the sufficiency of the evidence to support the convictions. Rather, he contends that the trial court erred in allowing the jury to consider a sentencing enhancement for selling drugs within 1000 feet of a city park. He also argues that the trial court erred in sentencing him to consecutive terms of imprisonment without demonstrating that it exercised discretion in doing so. We affirm, holding (1) that appellant waived the issue of the sentencing enhancement by not properly raising it below and (2) that the trial court properly exercised its discretion in running appellant's sentences consecutively.

On February 17, 2005, the State charged appellant with three counts of delivery of cocaine, one count of possession of cocaine with intent to deliver, and one count of possession of drug paraphernalia. A jury trial was held on December 5, 2005. At the close of the evidence, the court instructed the jury to consider whether appellant committed the offenses within 1000 feet of a city park. The criminal information, however, did not state that he would be susceptible to the enhancement. The jury found appellant guilty on all five counts. It recommended a three-year

sentence on the charge of possession of drug paraphernalia and fifteen-year sentences each on the possession-of-cocaine charges. It also recommended that he serve an additional ten years for committing the offenses within 1000 feet of a city park and that all of the sentences be served consecutively. After the jury was discharged, appellant requested time to do research regarding whether he could ask the court to consider a sentence different from the jury verdict. After the court denied the request, he made an oral motion to run the sentences concurrently. The court denied appellant's motion and followed the jury's recommendation, resulting in a seventy-three-year term of imprisonment.

First, appellant argues that the trial court erred in allowing the jury to consider the sentencing enhancement under Ark. Code Ann. § 5-64-411(a)(1) (Repl. 2005), which provides for an additional ten-year term of imprisonment for selling drugs within 1000 feet of a city park. He contends that the State did not put him on notice that it was seeking the enhancement. While he acknowledges that he did not raise the issue before the trial court, he argues that this was a void or illegal sentence.

Allegations of a void or illegal sentence are a matter of the court's subject-matter jurisdiction, which may be raised for the first time on appeal. *Friend v. Norris*, 364 Ark. 315, 219 S.W.3d 123 (2005); *Stultz v. State*, 92 Ark. App. 204, 212 S.W.3d 42 (2005). Where the law does not authorize the particular sentence pronounced by a trial court, the sentence is unauthorized and illegal, and the case must be reversed and remanded. *Sullivan v. State*, 366 Ark. 183, 234 S.W.3d 285 (2006). While illegal sentences include sentences that are outside of the statutory range, the term "illegal sentence" refers to any sentence that the trial court lacks the authority to impose. *Donaldson v. State*, 370 Ark. 3, 257 S.W.3d 74 (2007).

However, appellant is not asserting that the State did not have the right to pursue the sentencing enhancement; he argues that he did not have notice. Questions regarding notice must be raised at trial to preserve the issue for appellate review. *See Middleton v. State*, 311 Ark. 307, 842 S.W.2d 434 (1992) (acknowledging that a conviction for an uncharged crime is a violation of due process, but holding that the issue was waived because it was being raised for the first time on appeal); *Cheshire v. State*, 80 Ark. App. 327, 95 S.W.3d 820 (2003) (acknowledging that due process requires a probationer to be informed of the conditions of his probation he is alleged to have violated, but holding that the denial

of that right must be presented to the trial court for it to be preserved for appellate review). Because appellant's failure to raise the issue of notice about the sentencing enhancement at trial precludes this court from addressing it here, we affirm on this point.

Nonetheless, we are troubled by the trial court presenting this issue to the jury. The decision to charge appellant with a sentencing enhancement lies within the discretion of the prosecuting attorney, not the trial judge. *Compare State v. Knight*, 318 Ark. 158, 162, 884 S.W.2d 258, 260 (1994) ("The Arkansas Constitution provides that the duty of charging an accused with a felony is reserved to the grand jury or to the prosecutor. . . . We have consistently held that a circuit judge does not have the authority to amend the charge brought by the prosecuting attorney."). By instructing the jury to consider the sentencing enhancement, the trial judge took the discretion away from the prosecuting attorney and violated appellant's right to know the charges brought against him. While appellant's failure to preserve the point precludes us from determining whether the trial judge's actions constitute reversible error, we emphasize that such conduct is not viewed favorably on appellate review if it is timely challenged at trial.

Next, appellant contends that the trial court erred in sentencing him to consecutive terms of imprisonment without demonstrating that it exercised discretion in doing so. He contends that the trial court was mechanically imposing consecutive terms of imprisonment and gave no indication that it exercised any discretion in doing so.

Although the criminal code vests the choice between concurrent and consecutive sentences in the judge, not the jury, there must be an exercise of judgment by the trial judge, not a mechanical imposition of the same sentence in every case. *Ford v. State*, 99 Ark. App. 119, 257 S.W.3d 560 (2007). In making the decision between concurrent and consecutive sentences, the trial judge should make it clear that it is her discretion being exercised when entering the sentences, not the jury's. *Id.* The question of whether multiple sentences will be served concurrently or consecutively is a decision left to the sound discretion of the trial court, not to be altered on appeal absent a clear abuse of that discretion. *Kellogg v. State*, 37 Ark. App. 162, 827 S.W.2d 166 (1992). The appellant assumes a heavy burden of demonstrating that the trial court failed to give due consideration to the exercise of its discretion in the matter of the consecutive sentences. *Teague v. State*, 328 Ark. 724, 946 S.W.2d 670 (1997).

■ We affirm, as nothing in the record indicates that the trial court mechanically imposed the recommendation of the jury. It is appellant's burden to produce a record sufficient to show that reversible error has occurred. *Bullock v. State,* 353 Ark. 577, 111 S.W.3d 380 (2003), and we are not satisfied that this record is sufficient to establish such a showing. After discharging the jury, appellant requested time to file a motion for a verdict different from the jury's recommendation. After the State objected and encouraged the court to follow the recommendation, the court stated that it knew of no legal reason that it should not proceed. It then allowed appellant to make an oral motion to run the sentences concurrently, heard the State on the oral motion, and stated that it would follow the jury's recommendation. Nothing in this exchange shows that the trial court failed to exercise discretion in determining whether to run the sentences consecutively or concurrently.

Affirmed.

ROBBINS and MARSHALL, JJ., agree.