2009 Ark. 456

Joe Lester CANTRELL, Appellant,

v.

STATE of Arkansas, Appellee.

No. CR 08–1308.

Supreme Court of Arkansas.

Oct. 1, 2009.

William R. Simpson, Jr., Public Defender, by: Clint Miller, Deputy Public Defender, Little Rock, for appellant.

Dustin McDaniel, Att'y Gen., by: Jake H. Jones, Ass't Att'y Gen., for appellee.

ANNABELLE CLINTON IMBER, Justice.

⌊Appellant Joe Cantrell appeals from a judgment and commitment order entered by the Perry County Circuit Court on July 25, 2008, in two criminal cases consolidated

for trial. In Case No. CR 06–32, he was convicted of attempting to manufacture a controlled substance, methamphetamine; possession of drug paraphernalia with intent to manufacture methamphetamine; and maintaining a drug premise. In Case No. CR 08–14, he was convicted of failure to appear. Cantrell was sentenced to consecutive terms totaling 145 years in prison and fines in the amount of $40,000.

Cantrell raises two points on appeal. First, he alleges that the circuit court erred in denying his directed-verdict motions in Case No. CR 06–32. Second, he maintains that the enhanced prison sentence for failure to appear is an illegal sentence because the State never |₂charged him as a habitual offender in Case No. CR 08–14. This case was certified to us by the Arkansas Court of Appeals pursuant to Ark. Sup.Ct. R. 1–2(b)(5) as a case involving a significant issue needing clarification or development of the law. We affirm on both points of error.

On the morning of October 30, 2006, in response to complaints from neighbors, Perry County police officers arrived at the defendant's home. They immediately noticed a strong chemical odor about the house. They all testified that they associated this smell with the manufacture of methamphetamine and that because of its pungency they had to take turns investigating the house.

When they arrived, the officers found the defendant asleep on the couch in the living room. Cantrell signed a consent form allowing the officers to search the premises. In the kitchen, as well as a broom closet and a refrigerator located outside on the lawn, the officers found camp fuel, pure acetone, drain cleaner, a metal condenser coil, several hot plates, various sized tubing, a funnel, a blender and latex gloves, all of which can be used in the process of manufacturing metham-

phetamine. The officers also found a thermos containing a substance in the final stages of methamphetamine production, and a plastic bucket containing a substance that tested positive for pseudoephedrine, an ingredient in methamphetamine manufacture. Two light bulbs that tested positive for methamphetamine residue were located on a table in the living room, and a plate with a razor blade that tested |₃positive for methamphetamine residue was in plain view. At one point, Cantrell admitted to the officers that it was his methamphetamine lab. Later, he claimed the lab belonged to his wife, who also resided at the house, and that she and a friend had been manufacturing methamphetamine while Cantrell was absent.

Cantrell was arrested and charged with manufacture of a controlled substance, in violation of Ark.Code Ann. § 5–64–401; possession of drug paraphernalia with intent to manufacture, in violation of Ark. Code Ann. § 5–64–403; and maintaining a drug premises in violation of Ark.Code Ann. § 5–64–402. He was ultimately convicted of attempting to manufacture a controlled substance, possession of drug paraphernalia with intent to manufacture, and maintaining a drug premises.

## I. Sufficiency of the Evidence

 On appeal, Cantrell challenges the sufficiency of the evidence supporting each conviction. In order to preserve a sufficiency of the evidence argument for appellate review, the appellant must move for a directed verdict at the close of the State's case and again at the close of all the evidence in the trial. Ark. R.Crim. P. 33.1(c); *see also Middleton v. State,* 311 Ark. 307, 308, 842 S.W.2d 434, 435 (1992). Rule 33.1(a) and (c) provide that a motion for a directed verdict must "state the specific grounds" of the motion and "specify the respect in which the evidence is defi-

cient." We have long held that under this provision the appellant's preservation of a sufficiency-of-the-evidence challenge will fail if the appellant was ultimately convicted of a lesser-included offense but did not address the elements of this lesser-included offense when making the motion for a directed verdict. *See, e.g., Brown v. State,* 347 Ark. 308, 315, 65 S.W.3d 394, 398 (2001); *Walker v. State,* 318 Ark. 107, 108, 883 S.W.2d, 831, 832 (1994). Accordingly, "a defendant, in making his motions for directed verdict, must anticipate an instruction on lesser included offenses and specifically address the elements of that lesser included offense on which he wishes to challenge the State's proof in his motion." *Brown v. State,* 347 Ark. at 315, 65 S.W.3d at 398.

In this case, Cantrell was charged with the offense of manufacturing a controlled substance, but he was ultimately convicted of the lesser-included offense of attempt to manufacture a controlled substance. In his motions for directed verdict at the close of the State's case and after the close of all the evidence, Cantrell argued that there was no evidence that methamphetamine in its final form had actually been produced. While this objection addresses an element of the offense of manufacturing methamphetamine, it does not address the lesser-included offense of attempt to manufacture methamphetamine. Thus, because Cantrell did not preserve the issue properly before the circuit court, he is barred from arguing on appeal that the sufficiency of the evidence does not support his conviction of attempt to manufacture methamphetamine.

▇▇ Cantrell has, however, properly preserved his challenge to the sufficiency of the evidence supporting the other two controlled-substance convictions. The standard of review to be applied is well settled:

A motion for a directed verdict is a challenge to the sufficiency of the evidence. The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. When reviewing a challenge to the sufficiency of the evidence, the evidence is viewed in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. Furthermore, "[a] jury need not lay aside its common sense in evaluating the ordinary affairs of life, and it may infer a defendant's guilt from improbable explanations of incriminating conduct."

*Walley v. State,* 353 Ark. 586, 594, 112 S.W.3d 349, 353 (2003) (citations omitted).

▇▇ A person is guilty of possession of drug paraphernalia with intent to manufacture if he uses, or possesses with intent to use, drug paraphernalia to "plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance." Ark.Code Ann. § 5–64–403(c). On appeal, Cantrell maintains that there was no proof he had control over the drug paraphernalia such that he could be said to possess it, since he shared the residence with his wife. The Arkansas Criminal Code defines possession as "exercis[ing] actual dominion, control, or management over a tangible object." Ark.Code Ann. § 5–1–102(15). This court has held that "the State need not prove that the accused physically possessed the contraband in order to sustain a conviction for possession of a controlled substance if the location of the contraband

was such that it could be said to be under the dominion and control of the accused, that is, constructively possessed." *Walley v. State*, 353 Ark. at 595, 112 S.W.3d at 353 (citations omitted). Though constructive possession can be implied when the accused has joint control over the contraband with another, we have held that there must be a factor linking the accused to the contraband; mere joint occupancy is insufficient. *Id.* A defendant may, however, be held to constructively possess a controlled substance when the defendant owns the property on which it is found, and the controlled substance is in the defendant's proximity and in plain view. *George v. State*, 356 Ark. 345, 354, 151 S.W.3d 770, 775 (2004).

Here, Cantrell owned the property jointly with his wife, and he was the only one at the house when the police arrived. He admitted to the officers that the methamphetamine lab was his. The light bulbs and plate with a razor blade, used for smoking and preparing methamphetamine respectively, were in plain view. The other drug paraphernalia was located in common areas throughout the house such that the jury could reasonably conclude that Cantrell constructively possessed the paraphernalia with intent to manufacture. Furthermore, the facts in the case at bar distinguish it from cases where small quantities of drugs or paraphernalia were found in discrete, out of sight locations, or where the residence was not owned by the defendant. *See, e.g., Osborne v. State*, 278 Ark. 45, 643 S.W.2d 251 (1982); *Embry v. State*, 302 Ark. 608, 792 S.W.2d 318 (1990). Thus, we conclude that the evidence, viewed in the light most favorable to the State, supports Cantrell's conviction for possession of drug paraphernalia with intent to manufacture.

■ Cantrell also challenges the sufficiency of the evidence supporting his conviction of maintaining a drug premises. Section 5–64–402 of the Arkansas Code Annotated provides that it is unlawful for a person "knowingly to keep or maintain any . . . dwelling . . . that is resorted to by a person for the purpose of using or obtaining a controlled substance . . . or that is used for keeping a controlled substance." Ark.Code Ann. § 5–64–402(a)(2). It is undisputed that Cantrell owned the dwelling at issue. He also admitted to the officers that the methamphetamine lab was his. We therefore conclude that sufficient evidence supports Cantrell's conviction of maintaining a drug premises.

## II. Illegal Sentence for Failure to Appear

■ Cantrell's original trial was set for March 17, 2008. When he failed to appear, the prosecutor also charged him with the offense of failure to appear in violation of Ark.Code Ann. § 5–54–120 in Case No. CR 08–14. As stated earlier, Case No. 08–14 and Case No. 06–32, in which Cantrell was charged with the controlled substance offenses, were consolidated for trial. In the information for Case No. 06–32, the prosecutor charged Cantrell as a habitual offender subject to enhanced sentences in accordance with Ark.Code Ann. § 5–4–501(b). However, the prosecutor did not include a habitual-offender allegation in the separate information charging Cantrell with failure to appear. Following the guilt phase of the trial, the circuit judge proceeded to inform the jury about Cantrell's habitual-offender status. The judge's charge did not limit Cantrell's habitual-offender status to the controlled substance charges. The jury was also instructed on the sentencing range for the offense of failure to appear when committed by a habitual offender. Cantrell was sentenced to thirty years' imprisonment for failure to appear as a habitual offender.

Cantrell now argues for the first time on appeal that his enhanced sentence on the offense of failure to appear is not authorized and therefore illegal because the prosecutor did not allege in the information that Cantrell was a habitual offender. The State counters that Cantrell is barred from raising this issue because he did not object to the circuit judge's instructions at the time of trial; therefore, he did not properly preserve the issue for appeal.

The Arkansas Court of Appeals has certified this case to us because there is a significant issue needing clarification or development of the law. Specifically, with regard to whether the instant appeal involves subject-matter jurisdiction, our court of appeals suggests that a potential conflict exists between this court's decision in *Donaldson v. State*, 370 Ark. 3, 257 S.W.3d 74 (2007), and *Bell v. State*, 101 Ark. App. 144, 272 S.W.3d 110 (2008).

In the *Donaldson* case, the jury found the defendant guilty of second-degree battery and recommended a verdict of zero years' imprisonment, no fine, and restitution in the amount of $8,856.64. In the alternative, it recommended a sentence of three years' probation. After instructing the probation officer to prepare a report, the trial court rejected the jury's recommendations and sentenced the defendant to three years' imprisonment and ordered him to pay restitution. The defendant raised for the first time on appeal the argument that the trial court imposed an illegal sentence when it ignored the jury's recommendations and imposed its own sentence. We agreed, and reversed and remanded. *Donaldson v. State*, 370 Ark. 3, 4, 257 S.W.3d 74, 75 (2007). We noted that the issue of a void or illegal sentence is one of subject-matter jurisdiction: "It is well settled that an appellant may challenge an illegal sentence for the first time on appeal, even if he did not raise the

argument below." *Id.*, 370 Ark. at 5, 257 S.W.3d at 76. We defined an illegal sentence as one which the trial court lacks the authority to impose, even if on its face the sentence is within the statutory range. *Id.* at 6, 257 S.W.3d at 76. Sentencing is statutory and therefore a particular sentence must be in accordance with the applicable statute for the court to have authority to impose it. We concluded in the *Donaldson* case that the trial court's assigning of a sentence was illegal because Ark.Code Ann. § 5–4–103 authorizes the jury, not the court, to fix the punishment, with a few inapplicable exceptions, if the jury finds the defendant guilty. *Id.* at 6–7, 257 S.W.3d at 77.

In *Bell v. State*, 101 Ark. App. 144, 272 S.W.3d 110 (2008), the defendant was charged with possession of cocaine, delivery of cocaine, and possession of drug paraphernalia. After the defense rested, the court instructed the jury to consider whether the appellant committed the offenses within 1000 feet of a city park, even though the State had not included that enhancement in the information. The jury found the defendant guilty and, in addition to imposing the normal sentence, it recommended that the defendant serve an additional ten years for committing the offenses within 1000 feet of a city park. The defendant contended for the first time on appeal that he was not given notice of the possibility of an enhanced sentence, and thus his sentence was illegal. The Arkansas Court of Appeals acknowledged that an illegal sentence, one that the trial court lacks authority to impose, is an issue of subject-matter jurisdiction and therefore may be raised for the first time on appeal. *Bell v. State*, 101 Ark.App. at 146, 272 S.W.3d at 112. The defendant in *Bell*, however, was arguing lack of proper notice, which is a due-process issue that must be raised at trial to preserve the issue for

appellate review. The court of appeals therefore concluded that the defendant was unable to raise the issue for the first time on appeal. *Id.* at 147, 272 S.W.3d at 112.

 Although the *Donaldson* and *Bell* opinions might appear to be in conflict, we are convinced that the difference lies exclusively in the way the cases were argued on appeal. In *Donaldson*, the defendant pointed to a specific statute that the trial court violated when it rejected the jury's sentencing recommendations. Thus, in arguing that the trial court imposed an illegal sentence, Donaldson raised an issue of subject-matter jurisdiction. In contrast, the defendant in *Bell* merely argued lack of proper notice without reference to any particular statutory provision. Therefore, any alleged error made by the trial court in *Bell* would only entail a lack of notice and not a lack of authority. Just as the court of appeals noted in *Bell*, questions regarding notice must be raised at trial to preserve the issue for appellate review. *Bell v. State*, 101 Ark.App. at 146, 272 S.W.3d at 112; *see also Middleton v. State*, 311 Ark. 307, 308, 842 S.W.2d 434, 435 (1992).

In the instant appeal, Cantrell primarily relies upon this court's holding in *Finch v. State*, 262 Ark. 313, 556 S.W.2d 434 (1977), that a defendant's habitual-offender status must be alleged in the information as an essential element of the punishment.[1] However, we went on to explain in *Finch* that this requirement is necessary because it "afford[s] appellant notice of essential elements upon which the state relies for assessment of punishment" and provides "opportunity to refute such assertions." *Id.* at 316, 556 S.W.2d at 436. Thus, the error alleged in *Finch*, as in *Bell*, was one of due process. We have long held that constitutional arguments may not be raised for the first time on appeal. *See, e.g., Yarbrough v. State*, 370 Ark. 31, 40, 257 S.W.3d 50, 57 (2007). Accordingly, because Cantrell failed to raise this point below, we decline to consider it on appeal.[2]

Affirmed.

---

1. The other case cited by Cantrell, *Sherman v. State*, 30 Ark. App. 217, 785 S.W.2d 49 (1990), was reversed by this court in *State v. Sherman*, 303 Ark. 284, 796 S.W.2d 339 (1990).

2. We also note that Cantrell did not make a separation-of-powers argument below or on appeal. *See State v. Knight*, 318 Ark. 158, 884 S.W.2d 258 (1994); *State v. Brooks*, 301 Ark. 257, 783 S.W.2d 368 (1990); *State v. Murphy*, 315 Ark. 68, 864 S.W.2d 842 (1993).