2011 Ark. App. 46

**Waylon B. VANOVEN, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 10–617.**

Court of Appeals of Arkansas.

Jan. 26, 2011.

Denny Paul Petty, Searcy, for appellant.

Brad Newman, Little Rock, for appellee.

LARRY D. VAUGHT, Chief Judge.

A Woodruff County jury convicted Waylon VanOven of rape and sentenced him to serve twelve years' imprisonment. VanOven appeals his conviction arguing that (1) he was convicted of a crime for which he was not charged, which resulted in an illegal sentence; (2) the trial court abused its discretion in excluding from evidence testimony that three of the State's witnesses had received plea agreements in another related criminal matter; and (3) his trial counsel was ineffective because he failed to preserve important issues that would have required the reversal of his rape conviction. We affirm.

VanOven does not challenge the sufficiency of the evidence; therefore, only a brief factual summary is required. On September 25, 2008, after closing hours sometime between 9:00 and 10:00 p.m., Jordan Woods, Blaine Stallings, Amanda Davis, Levi Simmons, and D.S. stopped

by a private club owned by VanOven.[1] D.S., the victim in this case, was seventeen years old.[2] After they arrived, all except for Amanda and Trey were served alcohol and became intoxicated. Each of the individuals (excluding Trey) testified about what happened that night at the bar. D.S. testified that VanOven placed his hands down D.S.'s pants on at least two occasions, that VanOven pulled down D.S.'s pants, and that VanOven put his mouth on D.S.'s penis for "two seconds." At the conclusion of the trial, the jury convicted VanOven of raping D.S. This appeal followed.

## Illegal Sentence

■ VanOven's first argument on appeal is that he was convicted of a crime for which he was not charged, which resulted in an illegal sentence. He points out that the information filed in his case charged him with first-degree sexual assault, a Class A felony. However, he was tried, the jury was instructed, and he was convicted of rape, a Class Y felony. By convicting him of a crime for which he was not charged, VanOven contends that the State violated Arkansas Code Annotated section 16–85–407 (Repl.2005).[3] VanOven points out that |₃the State did not amend the information, and it did not move at trial to amend the charge before the case was submitted to the jury. VanOven concedes that he never challenged or raised any of these issues below; however, he argues that he may challenge his illegal sentence for the first time on appeal.

■ It is well settled that an appellant may challenge an illegal sentence for the first time on appeal, even if he did not raise the argument below. *Donaldson v. State*, 370 Ark. 3, 5, 257 S.W.3d 74, 76 (2007). The issue of a void or illegal sentence is an issue of subject-matter jurisdiction, which we may review whether or not an objection was made in the trial court. *Donaldson*, 370 Ark. at 5, 257 S.W.3d at 76. A sentence is void or illegal when the trial court lacks authority to impose it. *Id.*, 257 S.W.3d at 76.

The State dismisses VanOven's argument by claiming that being convicted of a crime for which a person is not charged is not an issue involving an illegal sentence, but rather an issue concerning VanOven's constitutional rights to due process. *Middleton v. State*, 311 Ark. 307, 308, 842 S.W.2d 434, 435 (1992) (citing *Hill v. State*, 303 Ark. 462, 469, 798 S.W.2d 65, 69 (1990); *Hedrick v. State*, 292 Ark. 411, 413, 730 S.W.2d 488, 489 (1987)). The State then points out that arguments not raised in the trial court, even ones of a constitutional nature, will not be addressed for the first time on appeal. *Watkins v. State*, 2010 Ark. App. 85, at 10, 377 S.W.3d 286; *Ingram v. State*, 2009 Ark. App. 729, at 6, 363 S.W.3d 6. On this basis, according to the State, VanOven's first point on appeal is not preserved.

While the State is correct that constitutional arguments must be raised below, VanOven is not making a constitutional due process argument. He is making an

---

1. A sixth person, Trey Taylor, joined the group of five at the bar "just a little bit later."

2. On September 25, 2008, Jordan was twenty years old, Blaine was seventeen, Amanda was seventeen, and Levi was twenty-one.

3. Section 16–85–407 provides that the State, with permission of the court, may amend an indictment as to matters of form or may file a bill of particulars; however, "no indictment shall be amended nor bill of particulars filed so as to change the nature of the crime charged or the degree of the crime charged." Ark.Code Ann. § 16–85–407(a), (b). Subsection (c) further provides that all amendments and bills of particulars shall be noted of record. Ark.Code Ann. § 16–85–407(c).

illegal-sentence[4] argument. The distinction was discussed by our supreme court in *Cantrell v. State*, 2009 Ark. 456, 343 S.W.3d 591. One of the issues there, which was raised for the first time on appeal, was whether an enhanced prison sentence was illegal because the State never charged the defendant as a habitual offender. For support, the defendant in *Cantrell* cited *Donaldson*, where it was successfully argued for the first time on appeal that a sentence was illegal because it was imposed in violation of Arkansas Code Annotated section 5-4-103 (Repl. 1997).[4] *Donaldson*, 370 Ark. at 8-9, 257 S.W.3d at 78. The State in *Cantrell* responded, citing *Bell v. State*, 101 Ark.App. 144, 272 S.W.3d 110 (2008), where for the first time on appeal, the defendant unsuccessfully argued that his due process rights had been violated because he had no notice of the possibility of enhanced charges because the argument was not preserved. In *Cantrell*, our supreme court stated:

> Although the *Donaldson* and *Bell* opinions might appear to be in conflict, we are convinced that the difference lies exclusively in the way the cases were argued on appeal. In *Donaldson*, the defendant pointed to a specific statute that the trial court violated when it rejected the jury's sentencing recommendations. Thus, in arguing that the trial court imposed an illegal sentence, Donaldson raised an issue of subject-matter jurisdiction. In contrast, the defendant in *Bell* merely argued lack of proper notice without reference to any particular statutory provision. Therefore, any alleged error made by the trial court in *Bell* would only entail a lack of notice and not a lack of authority. Just as the court of appeals noted in *Bell*, questions regarding notice must be raised at trial to preserve the issue for appellate review. *Bell v. State*, 101 Ark.App. at 146, 272 S.W.3d at 112; *see also Middleton v. State*, 311 Ark. 307, 308, 842 S.W.2d 434, 435 (1992).

Based on this analysis, the *Cantrell* court held that the error alleged on appeal was one of due process, which could not be raised for the first time on appeal, and therefore was not preserved. *Cantrell*, 2009 Ark. 456, at 11, 343 S.W.3d 591.

VanOven is attempting to raise the issue of subject-matter jurisdiction—that based on Arkansas Code Annotated section 16-85-407 the trial court lacked the authority to convict and sentence him for rape. That argument did not have to be raised below, *Donaldson*, 370 Ark. at 5, 257 S.W.3d at 76, and it is preserved for appeal.

However, VanOven cannot prevail on the merits of his illegal-sentence argument. Our supreme court has stated that section 16-85-407 relates to matters of notice and prejudice and provides a criminal defendant with protection against being prejudiced through surprise.[5] *Hoover v. State*, 353 Ark. 424, 428, 108 S.W.3d 618,

---

4. Section 5-4-103 provided that (absent non-applicable exceptions) if a defendant is found guilty of a criminal offense by a jury, the jury was to fix punishment.

5. Notably, VanOven does not claim that he was unaware that he was being tried for rape. In fact, the arrest warrant, the affidavit supporting the arrest warrant, the bail bond, and the record of first judicial appearance all state that VanOven was charged with rape, a Class Y felony. Three of these documents were filed the very same day as the information. The fourth document was filed two days later. Further, as stated previously, VanOven was tried for rape, and the jury was instructed on rape. Thus, from day one, despite the charge stated in the information, VanOven was put on notice that he was being tried for rape. Accordingly, he was not prejudiced through surprise by the State's failure to comply with section 16-85-407.

620 (2003). This statute is procedural in nature, not jurisdictional, and a violation of this statute does not divest the trial court of its authority to convict and sentence a defendant. VanOven cites no authority otherwise. Accordingly, we hold that VanOven was not sentenced illegally, and we affirm on this point.

### Exclusion of Evidence

A few days after the incident in question, three of the State's witnesses—Jordan, Levi, and Blaine (all of whom were at the bar with D.S. the night in question)—severely beat another man, Timothy Baker, an employee of VanOven, who was also present at the bar on September 25, 2008. These three witnesses were charged with felony battery in White County, where the beating occurred. Ultimately, they pled guilty to third-degree battery, a misdemeanor. At VanOven's pretrial hearing, the State moved in limine to exclude evidence of Baker's beating and of the guilty pleas made by the three witnesses who beat Baker. The State argued that the evidence was irrelevant because the victim was not a party to the beating of Baker and that the evidence was inadmissible under Arkansas Rules of Evidence 608 and 609. The trial court granted the State's motion, excluding the evidence.

On appeal, VanOven argues that evidence of the "sweetheart deals" that Jordan, Levi, and Blaine received in the White County criminal case should have been admissible in his criminal trial because it showed clear bias on the part of those witnesses to testify favorably for the State. VanOven argues that "[c]ertainly the 'agreements' between the State and these young men were 'relevant to [their]

credibility and the jury was entitled to know it.' "

A witness's credibility is always an issue, subject to attack by any party. *Swinford v. State,* 85 Ark.App. 326, 331, 154 S.W.3d 262, 265 (2004). The scope of cross-examination extends to matters of credibility. *Swinford,* 85 Ark.App. at 331, 154 S.W.3d at 265. A matter is not collateral if the evidence is relevant to show bias, knowledge, intent, or interest. *Id.,* 154 S.W.3d at 265. Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence that might bear on the accuracy and truth of a witness's testimony. *Id.,* 154 S.W.3d at 265. In other words, matters affecting the credibility of a witness are always relevant. *Id.,* 154 S.W.3d at 265. Moreover, our appellate courts have traditionally taken the view that the cross-examiner should be given wide latitude because cross-examination is the means by which to test the truth of the witness's testimony and the witness's credibility. *Id.,* 154 S.W.3d at 265. This rule applies to testimony given under expectation or hope of immunity or leniency or under the coercive effect of his detention by authorities. *Id.,* 154 S.W.3d at 265. The test is the expectation of the witness and not the actuality of a promise. *Id.,* 154 S.W.3d at 265.

We hold that the trial court abused its discretion in excluding evidence that Jordan, Levi, and Blaine were offered and accepted plea agreements for misdemeanor battery. Such evidence was relevant in that it showed that the three witnesses had incentive to give testimony in VanOven's case that was favorable to the State.[6] Be-

---

**6.** To the extent that the State argues that evidence of the plea agreements is inadmissible under Rules 608 or 609 of the Arkansas Rules of Evidence, we reject the argument. Rules 608 and 609 outline the parameters for the attacking of a witness's credibility by the

cause the evidence could show the witnesses' bias against VanOven, the trial court abused its discretion in excluding it. However, our analysis does not end there.

■ We must affirm because VanOven suffered no prejudice as a result of the error. *McKeever v. State*, 367 Ark. 374, 376, 240 S.W.3d 583, 585 (2006) (holding that appellate courts will not reverse an evidentiary ruling absent a showing of prejudice). First, none of the |₈three witnesses who accepted the plea agreements gave testimony at VanOven's trial that they witnessed VanOven place his mouth on D.S.'s penis. Second, the testimony given by Jordan, Levi, and Blaine was substantially the same testimony given by Amanda Davis, who was also there that night and who did not drink. All four witnesses (Jordan, Levi, Blaine, and Amanda) testified that all of the boys (except Trey) were drinking to the point of intoxication and that they and VanOven danced at the club. While Jordan, Levi, and Blaine testified that at various times during the night VanOven tried to pull down Blaine's and D.S.'s pants and that he grabbed Blaine's and D.S.'s private areas through their jeans, Amanda gave the same testimony. Because the testimony provided by Jordan, Levi, and Blaine was similarly testified to by Amanda, their testimony was cumulative, and VanOven suffered no prejudice as a result of the trial court's error in admitting the evidence. We affirm on this point.

### Ineffective Assistance of Counsel

■ VanOven's final argument on appeal is that his trial counsel was ineffective because he failed to preserve important issues that would have required the reversal of his rape conviction.[7] However, his argument was not preserved for appeal. Ineffective-assistance claims that are not made below will not be considered for the first time on direct appeal. *Alexander v. State*, 55 Ark.App. 148, 155, 934 S.W.2d 927, 930 (1996). Likewise, in order for a defendant to argue ineffective assistance of counsel on direct appeal, he must first have |₉presented the claim to the lower court either during the trial or in a motion for new trial. *Nichols v. State*, 69 Ark.App. 212, 218, 11 S.W.3d 19, 23 (2000); *see also Rounsaville v. State*, 374 Ark. 356, 361, 288 S.W.3d 213, 217 (2008) (holding that a claim of ineffective assistance of counsel is appropriate on direct appeal only when it is raised before the trial court and the facts and circumstances surrounding the claim have been fully developed at the trial level). The reason for this rule is that an evidentiary hearing and finding as to the competency of appellant's counsel by the trial court better equips the appellate court on review to examine in detail the sufficiency of the representation. *Ratchford v. State*, 357 Ark. 27, 32, 159 S.W.3d 304, 307 (2004). The trial court is in a better position to assess the quality of legal representation than we are on appeal. *Id.*, 159 S.W.3d at 307. Because no claim of ineffective assistance was raised below, this issue does not present a meritorious

use of bad acts and convictions. Ark. R. Evid. 608, 609 (2010). Whether the three witnesses accepted a plea agreement offered by the State has no application to these rules.

7. In support of his ineffective-assistance-of-counsel claim, VanOven lists the following errors made by trial counsel (1) failure to

properly move for directed verdict so as to preserve sufficiency of the evidence arguments; (2) failure to object to the jury being instructed on the charge of rape despite the fact that VanOven was never charged with rape; and (3) failure to request a lesser-included-offense jury instruction.

point for appeal, and we must affirm.[8]

Affirmed.

HART and GLOVER, JJ., agree.

---

8. We note, however, that VanOven is not without a remedy. He may raise an ineffective-assistance-of-counsel claim in a timely and properly filed petition pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure.