Cite as 2019 Ark. App. 322

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR–18–666

|  |  |
|---|---|
| MARIO LOPEZ PEREA, JR.<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** June 5, 2019<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT<br>[NO. 04CR-17-292]<br><br>HONORABLE BRAD KARREN, JUDGE<br><br>REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

**BART F. VIRDEN, Judge**

A Benton County jury convicted appellant Mario Lopez Perea, Jr., of attempted sexual assault in the second degree. He was sentenced as a habitual offender to twenty years' imprisonment. Counsel has filed a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(k), along with a motion to withdraw. In accordance with Rule 4-3(k)(2), the clerk of this court furnished Perea with a copy of counsel's brief and informed him of his right to file pro se points for reversal. Perea filed pro se points, and the State has responded. Because counsel's no-merit brief does not comply with *Anders* and Rule 4-3(k), we deny her motion to withdraw and order rebriefing to give her an opportunity to cure any deficiencies. We thus order counsel to file a substituted abstract, addendum, and brief within fifteen days of the date of this opinion.

## I. *Procedural Background*

Perea was charged with second–degree sexual assault under Ark. Code Ann. § 5-14-125(a)(1) (Supp. 2017), which provides that a person commits sexual assault in the second degree if the person engages in sexual contact with another person by forcible compulsion. There were several pretrial hearings, including arraignment hearings, an omnibus hearing, pretrial status hearings, and a motions hearing. A jury trial was held on December 11 and 12, 2017.

The State introduced testimony by the victim, her grandfather, and her mother. The State also presented the testimony of several law enforcement officers, and a video of an interview between police and Perea was played for the jury. After the State rested, trial counsel moved for a directed verdict, which was denied.

Perea testified in his own defense. Trial counsel then renewed his directed-verdict motion, which was again denied. The jury found Perea guilty of the lesser-included offense of attempted sexual assault in the second degree.

During the sentencing phase, the trial court read a jury instruction regarding Perea's habitual-offender status and then read the four prior felony convictions into the record. There was no objection by trial counsel. The State introduced victim–impact statements, and Perea introduced two photos of him with small children. The jury fixed Perea's sentence at twenty years' imprisonment with no fine. The trial court sentenced Perea in accordance with the jury's verdict.

Trial counsel, on Perea's behalf, filed a timely notice of appeal from the conviction. Trial counsel's subsequent motion to withdraw was granted, and appellate counsel was

appointed to represent Perea. Appellate counsel has filed a motion to withdraw on the basis that the appeal is wholly without merit.

## II. *Counsel's No-Merit Brief*

A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief including an abstract and addendum. Ark. Sup. Ct. R. 4–3(k)(1). The brief must contain an argument section that consists of a list of all rulings adverse to the defendant made by the trial court on all objections, motions, and requests with an explanation as to why each adverse ruling is not a meritorious ground for appeal. *Id.* In deciding whether to allow counsel to withdraw from appellate representation, the test is not whether counsel thinks the trial court committed no reversible error, but rather whether the points to be raised on appeal would be wholly frivolous. *Eads v. State*, 74 Ark. App. 363, 47 S.W.3d 918 (2001). We are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *Vail v. State*, 2019 Ark. App. 8.

Counsel asserts that there were three adverse rulings, including the denial of Perea's motion for a directed verdict; however, we found only two adverse rulings in the record.

At a pretrial status hearing, Perea sought to introduce evidence of the victim's past "behavior problems" and evidence that she had sent "inappropriate" Snapchat photos. The trial court denied the request. The other adverse ruling was the trial court's denial of Perea's directed-verdict motion.

Counsel asserts that another adverse ruling occurred during sentencing when the trial court admitted Perea's four prior felony convictions into evidence, even though some of them were more than ten years old. As noted in the procedural-background section, trial counsel made no objection to the admission of Perea's prior felony convictions at

3

sentencing. Appellate counsel's reference in her brief to convictions more than ten years old has to do with an unrelated ruling that occurred during the guilt phase. After the State had rested, the prosecutor sought to admit one of Perea's prior convictions that was less than ten years old for impeachment purposes based on Perea's anticipated testimony. The trial court referred to Ark. R. Evid. 609 and *sustained* trial counsel's objection because the trial court found that admission of a drug conviction for impeachment purposes was not more probative than prejudicial. The ruling in the guilt phase was not adverse to Perea, and there was no ruling during the sentencing phase because trial counsel did not object to the introduction of Perea's prior felony convictions.

## A. Abstracting Issues

All material information recorded in a transcript must be abstracted. Ark. Sup. Ct. R. 4-2(a)(5)(A). Information in a transcript is material if it is essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal. Ark. Sup. Ct. R. 4-2(a)(5). The abstract shall be an impartial condensation, without comment or emphasis, of the transcript. Ark. Sup. Ct. R. 4-2(a)(5)(B).

Counsel subjectively summarizes what occurred at the pretrial hearings. In particular, at the second pretrial status hearing on December 11, 2017, the trial court granted the State's motion in limine to prevent the defense from introducing testimony concerning the victim's past "behavior problems," including evidence that she had sent "inappropriate" Snapchat photos. The trial court ruled that the testimony was inadmissible on several bases, including relevance and the rape-shield statute.

The abstract of a pretrial status hearing at which an adverse ruling was made should be an impartial condensation of the record—not appellate counsel's impression of what

4

occurred. *See Schernikau v. Williamson*, 2018 Ark. App. 34, at 6, 540 S.W.3d 710, 713 (finding abstract deficient in that it was not an "impartial condensation" because "it appears to consist mainly of a general summary of the arguments of counsel and colloquies between counsel and the court, with the writer's impressions of what was transpiring at the hearing and commentary thereon"). Moreover, we note that appellate counsel mentions in the argument section of her brief another one of the trial court's bases for its ruling—that no charges had been filed against the victim. Although appellate counsel cites page four of the abstract, that part of the trial court's ruling was not abstracted nor was it mentioned in counsel's summary of what occurred. We order appellate counsel to properly abstract this pretrial status hearing.

Also, counsel abstracted only a portion of trial counsel's directed-verdict motion. In explaining in her argument section why the trial court's denial of Perea's directed-verdict motion is not a meritorious argument for appeal, counsel asserts that trial counsel's motion was not specific enough in that he did not seek dismissal of the lesser-included offense of which Perea was convicted—attempted sexual assault in the second degree. Trial counsel's entire directed-verdict motion was as follows:

MR. WARDEN: At this time I moved for a directed verdict on the sole count of sexual assault in the second degree on the basis the State did not make a prima facie showing on each element of the charge.

First, they have not established there was a forcible touching by defendant. I believe the case law and the definition of touching requires there be some force, more than touching. There actually has to be some force or threat of force in order to have the touching of her. I don't believe they had any testimony that would meet that particular definition.

Also, I don't believe that the State has established in this particular case there was sexual contact. She admits that she was

5

touched that there [sic] or testified that she was touched there but she has not indicated the type of touching that occurred. She apparently testified that she blacked out exactly the manner in which she was touched there. You know touched is it could have been a grace [sic], it could have been anything. She just doesn't remember exactly how she was touched there. And so without that description I think we have a problem with the actual element of sexual contact in this particular instance or the idea that it was purposeful.

In renewing the directed-verdict motion at the close of all the evidence, trial counsel added that Perea's testimony established that there was no touching, so there could be no intentional sexual contact.

Appellate counsel asserts that trial counsel's motion was not specific enough, but she abstracted only the first paragraph of the motion set forth above. Many of trial counsel's more specific arguments were made in the portion of the motion that appellate counsel failed to abstract. We order appellate counsel to include trial counsel's motion in its entirety in her substituted abstract.

## B. Argument Section

For each issue, the applicable standard of review shall be concisely stated at the beginning of the discussion of the issue. Ark. Sup. Ct. R. 4-2(a)(7). Under "Objections" in the argument section of her brief, counsel does not cite the standard of review until her discussion of the second "objection," which, as we noted above, was not an adverse ruling. Under "Sufficiency of the Evidence [Argument]," counsel does not cite the standard of review at all. *See Carruth v. State*, 2012 Ark. App. 35 (rebriefing ordered because counsel failed to set out the standard of review and the elements of the offense charged). Counsel is ordered to include the applicable standards of review where necessary in her substituted brief.

6

Here, counsel did not set forth the elements of attempted second-degree sexual assault. *See Carruth, supra.* After including in her substituted abstract trial counsel's entire motion for directed verdict and setting forth the elements of the offense in her argument section, counsel should explain to this court whether trial counsel's motion preserved a challenge to the State's proof of Perea's purposeful mental state—an element of criminal attempt.[1] *See* Ark. Code Ann. § 5-3-201 (Supp. 2017); *Davis v. State*, 362 Ark. 34, 207 S.W.3d 474 (2005) (holding that challenge to sufficiency of evidence was preserved where appellant was charged with criminal attempt to commit rape by forcible compulsion but was convicted of second-degree sexual assault, and the forcible-compulsion element—common to both offenses—was mentioned in his directed-verdict motion).

In addressing the sufficiency of the evidence supporting Perea's conviction, appellate counsel asserts in part that "[t]he Appellant admits to everything that was confirmed by the victim in her testimony." At trial, the victim testified that Perea touched her "private spot" over her jeans and that he tried to lift her shirt to touch her breasts. In his testimony, Perea specifically and repeatedly denied such allegations. Perhaps appellate counsel can clarify her statement in her substituted brief.

## C. Addendum Omissions

The judgment from which the appeal is taken must be included in the addendum pursuant to Ark. Sup. Ct. R. 4-2(a)(8). The addendum contains only the first page of the

---

[1]The jury instruction provided that to sustain the charge of attempted sexual assault in the second degree, the State must prove the following things beyond a reasonable doubt: (1) Perea intended to commit the offense, (2) Perea purposely engaged in conduct that was a substantial step in a course of conduct intended to culminate in the commission of the offense, and (3) Perea's conduct was strongly corroborative of the criminal purpose.

sentencing order. It is a document essential for this court to confirm its jurisdiction. Counsel is ordered to include the entire sentencing order in her substituted addendum.

The addendum must contain exhibits if they are essential for this court to understand the issues and to decide the issues on appeal. Ark. Sup. Ct. R. 4-2(a)(8)(A)(i). Counsel's addendum goes from "Add. 8" to "Add. 10." According to an abstractor's note, there was to be a copy of a video—the police interview of Perea—at Addendum 9. The video is not in the addendum. We note that, in denying trial counsel's directed-verdict motion, the trial court referred to Perea's interview with police. Also, in appellate counsel's argument section explaining that the evidence was sufficient to support Perea's conviction, she mentions Perea's police interview. This video is essential for this court to determine the sufficiency of the evidence supporting Perea's conviction and must be included in the addendum.

### III. *Conclusion*

Counsel has fifteen days from the date of this opinion to cure these and any other deficiencies by filing a substituted abstract, addendum, and brief. Ark. Sup. Ct. R. 4-2(b)(3). The deficiencies we have noted are not to be taken as an exhaustive list. We encourage counsel, before filing a substituted brief, to examine Rules 4-2 and 4-3 to ensure that she has complied with our rules and that no additional deficiencies are present.

Rebriefing ordered; motion to withdraw denied.

MURPHY and BROWN, JJ., agree.

*Tara Ann Schmutzler*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.