Cite as 2019 Ark. App. 426

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR–18–666

|  |  |
|---|---|
| MARIO LOPEZ PEREA, JR.<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** October 2, 2019<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT<br>[NO. 04CR-17-292]<br><br>HONORABLE BRAD KARREN, JUDGE<br><br>AFFIRMED |

## BART F. VIRDEN, Judge

A Benton County jury convicted appellant Mario Lopez Perea, Jr., of attempted second-degree sexual assault, and he was sentenced as a habitual offender to twenty years' imprisonment. Perea argues that the trial court erred in denying his directed-verdict motion. We affirm his conviction.

I.   *Procedural History*

Appellate counsel initially filed a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(k); however, this court denied counsel's motion to withdraw and ordered rebriefing due to deficiencies in the abstract, addendum, and brief. *Perea v. State*, 2019 Ark. App. 322. The case has returned to us as a

merit brief in which Perea argues that the State failed to prove two elements of attempted sexual assault in the second degree.[1]

## II. *Trial Testimony*

On February 6, 2017, then sixteen-year-old L.S. was dropped off by the school bus near her home when she was approached by Perea. According to L.S., Perea had passed her in his red Dodge Challenger, turned his car around, and pulled his car into a neighbor's driveway. L.S. said that Perea waved to her. L.S., thinking that she might know him or that he was lost, went to speak with him. She said that Perea got out of his car, introduced himself, and asked for her name. Perea then told her that he was not a bad person. He asked several things: her age, whether she was a good girl, and whether her parents were home. She said that Perea then hugged her by putting his right arm on her shoulder and touched her "private spot," meaning her vagina, with his left hand. L.S. testified that she did not ask Perea to touch her private spot. She testified that she pushed Perea's hand away and told him to stop. L.S. further testified that Perea asked her whether she drank alcohol, whether she wanted to experiment with him, and whether she wanted to take a ride downtown. L.S. testified that Perea then tried to lift her shirt but that she stopped him and said that she heard her mother calling her. According to L.S., Perea said okay and walked away.

L.S.'s grandfather, Norman Fisher, and her mother, Gina Horton, testified. The State also presented the testimony of Justin Crane, a deputy with the Benton County Sheriff's Office. David Undiano, a sergeant working with cybercrimes in the Internet Crimes Against

---

[1]Instead of including the second page of the judgment and commitment order, as we instructed appellate counsel to do because it is essential for this court to determine its jurisdiction, the order was omitted from the addendum altogether. Fortunately, the State included the judgment and commitment order in a supplemental addendum.

Children Division in Benton County, testified that he interviewed L.S. a couple of days after the incident. He stated that he retrieved videos of Perea's car in the vicinity of L.S.'s school bus. Nanonna Corderio, a detective with the criminal-investigations unit, assisted Undiano with interviewing Perea, and a video of the interview was played for the jury.[2]

Trial counsel made the following directed-verdict motion at the close of the State's case:

> At this time I move for a directed verdict on the sole count of sexual assault in the second degree on the basis the State did not make a prima facie showing on each element of the charge.

> First, they have not established there was a forcible touching by defendant. I believe the case law and the definition of touching requires there be some force, more than touching. There actually has to be some force or threat of force in order to have the touching of her. I don't believe they had any testimony that would meet that particular definition.

> Also, I don't believe that the State has established in this particular case there was sexual contact. She admits that she was touched that there [sic] or testified that she was touched there but she has not indicated the type of touching that occurred. She apparently testified that she blacked out exactly the manner in which she was touched there. You know touched is it could have been a grace [sic], it could have been anything. She just doesn't remember exactly how she was touched there. And so without that description I think we have a problem with the actual element of sexual contact in this particular instance or the idea that it was purposeful.

The trial court denied the motion, and Perea testified in his own defense. Perea denied the allegations that he touched L.S.'s vagina and tried to touch her breasts. He admitted giving her a "half hug" or a "side hug" because he was trying to put her at ease and did not want to hurt her feelings. Trial counsel renewed the directed-verdict motion and added that Perea's testimony established that there was no touching, so there could be

---

[2]Appellate counsel included in the abstract—directly contrary to our rules—a verbatim transcript of the DVD police interview with Perea. "The abstract must not reproduce the transcript verbatim." Ark. Sup. Ct. R. 4-2(a)(5)(B).

no intentional sexual contact. The motion was again denied. The jury convicted Perea of attempted second-degree sexual assault.

## III. *Discussion*

Perea was charged with second-degree sexual assault; however, he was convicted of the lesser-included offense of *attempted* sexual assault in the second degree. A person commits sexual assault in the second degree if the person engages in sexual contact with another person by forcible compulsion. Ark. Code Ann. § 5-14-125(a)(1) (Supp. 2017). When causing a particular result is an element of the offense, a person commits the offense of criminal attempt if, acting with the kind of culpable mental state otherwise required for the commission of the offense, the person purposely engages in conduct that constitutes a substantial step in a course of conduct intended or known to cause the particular result. Ark. Code Ann. § 5-3-201(b) (Repl. 2013).

In order to preserve a sufficiency-of-the-evidence argument for appellate review, the motion for a directed verdict must state the specific grounds of the motion and specify the respect in which the evidence is deficient. Ark. R. Crim. P. 33.1(c); *Cantrell v. State*, 2009 Ark. 456, 343 S.W.3d 591. The appellate courts have long held that preservation of a sufficiency challenge will fail if the appellant was ultimately convicted of a lesser-included offense but did not address the elements of this lesser offense when making the motion for a directed verdict. *Id.* A defendant must anticipate an instruction on lesser-included offenses and specifically address the elements of that lesser offense on which he wishes to challenge the State's proof in his motion. *Id.*

Perea's sufficiency argument is not preserved for review. When this was a no-merit appeal with rebriefing ordered, appellate counsel was instructed to address whether trial

counsel's directed-verdict motion preserved a challenge to the sufficiency of the evidence as to the element of "purposeful" conduct because it is an element of the lesser-included offense of attempted second-degree sexual assault of which Perea was ultimately convicted. Perea now challenges in a merit appeal two elements of the offense with which he was charged but not convicted: forcible compulsion and sexual contact.[3] These are not elements of criminal attempt. Perea's directed-verdict motion pertained to the completed offense of second-degree sexual assault, and not its attempt.

Affirmed.

SWITZER and VAUGHT, JJ., agree.

*Tara Ann Schmutzler*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.

---

[3]Perea couches his second argument in terms of *mens rea*, asserting that "[t]he [requisite] culpable mental state for Sexual Assault in the 2nd Degree is the desire to engage in sexual gratification through sexual contact." There are four culpable mental states: purposely, knowingly, recklessly, and negligently. Ark. Code Ann. § 5-2-202 (Repl. 2013). If the statute defining an offense does not prescribe a culpable mental state, a culpable mental state is nonetheless required and is established only if a person acts purposely, knowingly, or recklessly. Ark. Code Ann. § 5-2-203(b). To the extent Perea's "*mens rea*" argument is even preserved, our supreme court has held that the State is not required to provide direct proof that an act is done for sexual gratification if it can be assumed that the desire for sexual gratification is a plausible reason for the act. *Bell v. State*, 371 Ark. 375, 266 S.W.3d 696 (2007). Here, the jury could assume that Perea's purposeful acts of touching L.S.'s vagina and attempting to lift her shirt, combined with the questions he was asking the young girl, were attempts to have sexual contact with L.S. for his sexual gratification. There is no other plausible reason for his actions.